Elizabeth Gross Tiedeman, Plaintiff, *v.* Dewitt Dorn and Others, Defendants.

County Court, Fulton County, February 21, 1930.

*Frank Burton,* for the plaintiff.

*Alfred D. Dennison,* for the defendant Zajicek.

*William G. Mills* and *Theodore R. Haviland,* for the defendant Neff.

Banker, J. On and prior to April 24, 1928, the defendants Zajicek were the owners of a farm known as the Gross farm, situate in the county of Fulton, upon which there was a mortgage in the sum of $6,100, held by the plaintiff. On April 24, 1928, defendant Peter Zajicek and the defendant Neff and one Hollenbeck entered into a written contract whereby defendant Zajicek agreed to sell said farm to said Neff and Hollenbeck, together with the live stock and farming implements on said farm, subject to an existing mortgage thereon in the sum of $6,100, and to take in payment therefor a second mortgage on said farm in the sum of $5,400, and a deed of property on Fremont street in the city of Gloversville subject

to a mortgage of $5,400, together with the sum of $1,500 in cash, to be paid at the time of said transfers.

Thereafter, under the terms of the written agreement, a bill of sale of the personal property on said farm was executed by defendants Zajicek to Hollenbeck and Neff, and a deed of said Gross farm was executed and delivered by defendants Zajicek to defendant Neff, and a mortgage in the sum of $5,400 was given back on said farm by said Neff and his wife to defendants Zajicek. No bond accompanied the mortgage and no personal covenant by said defendant Neff to pay said sum of $5,400 was contained in the mortgage. At the same time, defendants Zajicek received a deed of the Fremont street property in the city of Gloversville, subject to a mortgage of $5,400 and $1,500 in cash. After said transfers were completed, Hollenbeck and Neff took possession of the personal property on said farm and disposed of the same, receiving therefrom about the sum of $4,200.

Thereafter the plaintiff brought this action to foreclose said first mortgage of $6,100 against the defendants Zajicek and Neff. Defendants Zajicek answered and alleged that there was an agreed balance of $5,400 due from the defendant Neff under the written agreement, dated April 24, 1928, which balance they allege Neff agreed to pay with interest, and also that the second mortgage given to them by Neff was as collateral security for the payment of this indebtedness, and ask that the said second mortgage be foreclosed in this action and that defendant Neff be adjudged to pay any deficiency which may remain due to the defendants Zajicek thereunder.

The cross-answer of defendant Neff denies the allegation of defendants Zajicek.

An interlocutory judgment was entered decreeing a sale of the mortgaged premises, and a sale was had which brought only sufficient to pay said mortgage debt of $6,100, interest, costs and expenses of sale, together with a surplus of $325.69 which has been paid to the defendants Zajicek on account of said second mortgage.

The only question which remains to be determined is whether a judgment for deficiency may be awarded against defendant Neff for the balance unpaid on the second mortgage of $5,400.

At the time of the execution of said second mortgage of $5,400 from Neff to the Zajiceks, no bond for the payment of said sum of $5,400 was given. Defendant's witnesses Neff, Cassedy and Hollenbeck testify that at the time the contract was being formulated, when all the parties to the contract were present, defendant Neff stated that he would not give a bond, and this is not denied by defendant Zajicek.

Section 249 of the Real Property Law provides: "A mortgage of real property does not imply a covenant for the payment of the sum intended to be secured; and where such covenant is not expressed in the mortgage, or a bond or other separate instrument to secure such payment has not been given, the remedies of the mortgagee are confined to the property mentioned in the mortgage."

An examination of the mortgage and the prior contract does not disclose any covenant on the part of defendant Neff to pay said sum of $5,400, and, therefore, defendants Zajicek must look alone to the mortgaged premises for reimbursement. (*Spencer* v. *Spencer*, 95 N. Y. 353; *Mack* v. *Austin*, Id. 513; *Gaylord* v. *Knapp*, 15 Hun, 87; *Barber* v. *Palmer*, 70 id. 498, 504.)

While defendants Zajicek's counsel in his brief concedes that, technically construed, neither the language of the contract nor the condition of the mortgage import a promise on the part of Neff to pay, yet it is the claim of counsel that this court is not only warranted, but required to give such language the common everyday interpretation which the Zajiceks would naturally give to them.

The evidence fails to show any mutual mistake of fact, and the cross-answer of defendant Zajicek does not allege fraud. The law is well settled that no relief can be had where a person having full knowledge of facts comes to an erroneous conclusion as to their legal effect. (40 C. J. 1228; *Rochester Land Co.* v. *Davis*, 79 Hun, 69, 71; *Smith* v. *Hellman Motor Corp.*, 122 Misc. 422, 425.)

In addition, defendants Zajicek claim that the equities of the situation are such that the court should intervene in their behalf to compel defendant Neff in the interests of justice to pay for the property he agreed to buy. Defendants Zajicek also had a duty to perform to protect themselves upon the sale of the farm, and, if the farm was worth what defendants claim it was, they should have seen to it that the farm on the foreclosure sale brought sufficient to pay their claim. But the sale price indicates that the farm was not worth the figure defendants Zajicek put upon it, and that the equities do not preponderate strongly in their favor.

The property covered by the second mortgage has been sold under the judgment of foreclosure granted in this action, and, since there is no covenant or agreement by defendant Neff to personally pay the amount of said second mortgage, a judgment for deficiency cannot be awarded against defendant Neff, and the demand of defendants Zajicek in their cross-answer is dismissed.

Findings and judgment accordingly.