[Civ. No. 5990. Second Appellate District, Division Two.—May 15, 1930.]

HELLMAN COMMERCIAL TRUST AND SAVINGS BANK (a Corporation), Respondent, v. MABEL R. MAURICE et al., Appellants.

Charles L. Evans and Guy E. Maurice for Appellants.

Rohe & Freston and Ralph E. Lewis for Respondent.

THOMPSON (IRA F.), J.—The defendants and appellants executed their note in the sum of $1600 in favor of the plaintiff, and secured it by the execution of a second mortgage upon certain real property in Riverside County, subject to a deed of trust to secure the repayment of $3,500. The property was conveyed to the defendant W. H. Weeks, who assumed and agreed to pay the encumbrances, but who although named as a defendant was never served with process and never appeared in the action. Upon default in the payment of the note plaintiff brought action for the recovery of the principal sum with interest, alleging that the property had been sold under the deed of trust already mentioned, and that hence the obligation was no longer secured by a lien thereon. Judgment was rendered in favor of plaintiff and this is an appeal therefrom.

The appellants assert that before the plaintiff could recover in such a proceeding it was necessary for it to prove all the prerequisites to a valid sale under the power contained in the deed of trust, and further, that the respondent here failed in establishing the requisite notice of sale by the trustee. Further, it is claimed that the trial court erred in rejecting testimonw tending to establish the satisfaction of the note sued upon. It is apparent that we need not concern

ourselves with the contention that it was necessarily incumbent upon the respondent to establish all the prerequisites of a valid sale by the trustee under the deed of trust, if in fact such proof was actually supplied in the instant case. We therefore turn to a consideration of that question first and of course limit ourselves to the particular in which it is said the proof was not sufficient, that of notice of sale. The first observation to be made is that the trustee's deed which was introduced in evidence contains a recital by the trustee to the effect that the notice of sale was posted and published as required, setting forth the details thereof. No evidence was offered to contradict or discredit these recitals. In addition thereto the secretary and manager of the trustee testified that personally he received from the beneficiary an order to foreclose; that he prepared and recorded notice of default; that he prepared notice of trustee's sale and caused the same to be published and posted; that he examined the notice in each issue of the paper and that he personally conducted the sale, giving the details thereof. The affidavit of the publisher of the paper printing the notice of sale, together with the affidavit of posting, were also received in evidence. There can be no doubt under this state of the record that the plaintiff established a *prima facie* case. In *Hihn* v. *Peck*, 30 Cal. 288, while discussing the evidentiary character of the recitals in a sheriff's deed, the court says: "The power to sell, to recite, and to deed, having its origin in the judgment and execution, must be proved by a production of both under the rule of best evidence, but when the power has been so proved, the sheriff becomes, so to speak, the accredited historian of his acts under it. He may narrate his proceedings on the back of the execution and return it into court, and, with or without that, he may issue a certificate to the purchaser, and both the certificate and return, if made, would, within the limits of the authority delegated to him, be evidence against all persons of the facts stated or recited therein. As already remarked, it is also the official duty of the sheriff to make a like statement or recital in his deed, and it follows that a recital so made must be entitled to the same effect as an instrument of evidence as all the authorities concede to be due to the official return on the execution if one be made." So, too, the case of *Savings & Loan Soc.* v. *Deering*, 66 Cal. 281 [5 Pac.

353], decides that the trustees may convey the legal title even though it is sold in violation of the trust, and says that the recitals in the trustee's deed of the acts done by him in the exercise of the power, such as notice, sale and the like, is to be taken as evidence of those facts. Reference may also be had to *Duncan* v. *Wolfer*, 60 Cal. App. 120 [212 Pac. 390], wherein it is said that the recitals of compliance with the methods of the sale are sufficient for that purpose. In view of the evidence in addition to the recitals of the trustee's deed, it cannot be seriously argued that plaintiff failed to establish a sufficient case.

■ The appellants also contend that the court erred in rejecting testimony supporting their claim that there existed an agreement for the return of the note. We think it hardly necessary to do more than to recite the terms of the claimed agreement to demonstrate the untenable nature of the assertion. The defendants claim that one of them prior to the filing of the action had a conversation with one of the vice-presidents of the respondent bank in which this officer told the defendant that if the trustees would deed the land to a purchaser of the property in which deed the purchaser assumed and agreed to pay the note, that he would reduce the interest from ten per cent to seven per cent and deliver the note up to the defendant. The defendants were also to pay the interest to February 1, 1923, the asserted conversations having been said to have taken place in January and February. Of course, if the respondent were to deliver up the note it cared not whether someone assumed its payment, and the defendants were already obligated to pay interest to February 1st. We are therefore faced with an unexecuted parol agreement to alter the terms of a written instrument, and the agreement is without consideration. The situation is so obvious as not to require citation of authority.

Judgment affirmed.

Craig, Acting P. J., and Gates, J., *pro tem.*, concurred.