## LEE v ROBERT MITCHELL MFG CO

Ohio Appeals, 1st Dist, Hamilton Co

Decided June 26, 1933

Dinsmore, Shohl & Sawyer, Cincinnati, for plaintiff in error.

DeCamp, Sutphin & Brumleve, Cincinnati, for defendant in error.

**OPINION**

By HAMILTON, PJ.

The only serious question of error we find in the case is in the charge of the court to the jury.

There is no material dispute in the evidence as to the terms of the contract. The contract was entered into by an exchange of letters, and some oral explanation or supplementation. It is clear that the contract was to manufacture a bookcase and install it to fit a certain wall space, the bookcase to be of the kind and character of other built-in bookcases.

The Mitchell company sent its man out to make the measurements in the room. The measurements were taken, and a blue-print was made for use in building and installing the bookcase. The blueprint was submitted to Lee, who refused to approve it, for the reason that he knew nothing about the measurements. The blueprint could not therefore be considered as a part of the contract. This was for the use of the Mitchell company, to be used by it in constructing and installing the bookcase. The trial court charged the jury as follows: "Now the contract between the parties exists in writing and was entered into by an exchange of letters and that blue print."

It appears that the bookcase was installed in the premises in accordance with the blueprint. A dispute arose over the claim of Lee that the bookcase did not fit the wall space.

Had Lee approved the blueprint, it might have become a part of the contract and have been so considered; but, since he refused to approve the blueprint, for the reason that he knew nothing of the measurements, and the bookcase was sold to fit the wall space, the vice of the charge becomes apparent. In such event all plaintiff would have had to do would be to prove that it had installed the bookcase in accordance with the blueprint. But Lee claims the bookcase did not fit the space, and that the Mitchell company sought to fill in the space by fitting strips to compensate for the space left between the wall and the door-jamb.

It is admitted that the bookcase installed by the Mitchell company complied with the contract to the extent that it was to match bookcases already in the room in character, design, and finish. The only question was the fitting.

It is claimed by Lee that in measuring the space the employe of the plaintiff company made an error of about two inches in length; that the space both at the top and bottom of the bookcase was greater than to permit a reasonable fit, and that it was also sought to fill this space by stripping.

There is no question but that Lee bought the bookcase to be installed so as to fit the space. Since some stripping was necessary, in view of the imperfections in the lines of the wall and the door, a perfect fit would not be required. The question was one of a reasonable fit under the circumstances.

The court should have told the jury what the contract was and should have submitted to the jury the one issue whether or not the bookcase reasonably fit under the circumstances. Had the court not charged the jury that the blueprint was a part of

the contract, his charge would have been in the main correct.

The court further charged: "Now it is for you to determine whether the Mitchell Manufacturing Company, acting as ordinary people would have acted under the circumstances, would understand from that letter that the bookcase was to be built in its over-all dimensions in accordance with the figures shown on the blue-print, or whether it was to be built to fit the wall space."

Thus, again, is indicated the effect of injecting the blueprint into the case as a part of the contract. The trial court evidently thought from the letter of Lee refusing to approve the plans that there was something that would bind Lee to an approval of the dimensions, this in spite of the fact that the letter states Lee could not check up the details of the dimensions, and therefore was not bound by the blueprint. In the letter Lee states: "I cannot very well check upon the many detailed dimensions shown on your blueprint, and for that reason should hesitate to approve it."

He states:
"We have indicated the type of case we want, and how we want it to fit, and all of this appeared plain to Mr. Emig, and to have his endorsements. If things are so done, we shall be glad to accept the case.

"It should be remembered that the case is to fit closely against the back wall. * * *"

This letter is plain that the contract was that the bookcase was to fit the space, and that Lee was leaving it to the Mitchell company as a part of its contract to so install the bookcase.

Whether or not the bookcase reasonably fit the space was a question for the jury, and this is the sole question that should have been submitted, and the injection by the court that the blueprint was a part of the contract for them to consider was error, and necessarily prejudicial, since there is no evidence that the bookcase was not installed in accordance with the blueprint. Lee's letter, heretofore referred to, covered the question, and the court should have construed the contract for the jury and submitted the case upon the one issue as to whether or not there was a reasonable fit of the bookcase to the wall space under all the circumstances.

For error in the charge, as here indicated, the judgment of the Court of Common Pleas and of the Municipal Court will be reversed, and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

CUSHING and ROSS, JJ, concur.