[Civ. No. 9673. First Appellate District, Division Two.—May 16, 1935.]

R. C. HILLEN, Respondent, v. ELIZABETH S. SOULE, Appellant.

M. F. Ryan, G. F. Harrington and B. G. Westover for Appellant.

John L. McVey for Respondent.

SPENCE, J.—This action was brought upon a promissory note and was tried by the court sitting without a jury. From a judgment in favor of plaintiff, defendant appeals upon the judgment roll.

It appears from the findings that in 1927 plaintiff was the owner of certain real property; that at said time, plaintiff sold said property to defendant, who executed two notes and two deeds of trust; that Nicolaus Ludwig was the beneficiary under the first deed of trust given to secure the sum of $3,500 and that plaintiff was the beneficiary under the second deed of trust given to secure the sum of $2,950; that default was thereafter made in the payment of the notes secured by said deeds of trust and that the Ludwig deed of trust was foreclosed in 1932; that as a result of said foreclosure, plaintiff's security was exhausted. Thereafter plaintiff brought this

action upon his promissory note and recovered the unpaid balance due thereon.

█ Appellant first contends that this is an action for a deficiency judgment after a sale under a deed of trust given to secure the balance of the purchase price of real property, and that such action cannot be maintained by reason of the provisions of section 580b of the Code of Civil Procedure. It is a sufficient answer to state that this is not an action for a deficiency judgment. The security was exhausted by the sale under the first deed of trust and no sale was had under respondent's deed of trust. We are therefore of the opinion that the provisions of said section are inapplicable.

█ Appellant also contends that the action is barred by the statute of limitations. In support of this contention she calls attention to those provisions of section 337, subdivision 1, and of section 580a of the Code of Civil Procedure, which are applicable to an action for the deficiency "following the exercise of the power of sale in such deed of trust". Again it may be pointed out that power of sale under respondent's deed of trust was never exercised because the security had been exhausted by the sale under the first deed of trust. We therefore conclude that the limitations referred to by appellant were not applicable and that the general four-year limitation governed. (Code Civ. Proc., sec. 337.) As the action was admittedly brought within four years after the accrual of the cause, it was not barred.

█ The final contention of appellant seems to be that respondent took a conveyance of the property from appellant's successor in interest and that the acceptance of such conveyance had the effect of discharging appellant from her obligation on the note. We need not discuss appellant's conclusion or the authorities cited for the reason that appellant's premise finds no support in the record on appeal. The appeal was taken on the judgment roll and a review of the pleadings and findings shows that it was neither alleged nor found that respondent had ever taken a conveyance from anyone after selling said property to appellant.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.