### PHILLIPS et al. v. UNION CENTRAL LIFE INS. CO.
### No. 10698.

Circuit Court of Appeals, Eighth Circuit.
Feb. 15, 1937.

Albert M. Anderson and Loring & Anderson, all of Minneapolis, Minn., for appellants.

J. L. Krusemark, of Minneapolis, Minn., and H. G. Nilles, L. H. Oehlert, and John J. Nilles, all of Fargo, N. D., for appellee.

Before STONE, SANBORN, and VAN VALKENBURGH, Circuit Judges.

STONE, Circuit Judge.

Appellants executed a principal note and annual coupon interest notes payable to appellee and secured by a mortgage on land located in Minnesota. After default in payment of several interest notes, this action was filed for recovery on the notes. A verdict for plaintiff was directed, and

from the judgment thereon this appeal is brought. The main issue presented here is that this action was prematurely brought because of a provision in section 4 of the Moratorium Act of Minnesota of 1935 (Laws 1935, c. 47). The portion of the section involved is as follows: "Provided, further, that prior to March 1, 1937, no action shall be maintained in this state for a deficiency judgment until the period of redemption as allowed by existing law or as extended under the provisions of this act has expired." There is no dispute that this action is not to foreclose the mortgage securing the notes but is for a personal judgment on the notes, irrespective of the security. However, appellants contend that an action on a note, secured by a mortgage, brought before foreclosure of the mortgage, is an action for a "deficiency judgment" within the contemplation of the above statute. Their argument is that there is no difference, within the meaning of the above-quoted statute, between a deficiency judgment and a judgment recovered at the end of an action on the note. They rely upon an expression in Winne v. Lahart, 155 Minn. 307, 193 N.W. 587, 34 A.L.R. 844. There is no force in this position nor is it justified by the Winne Case. There are two sentences in the Winne Case which, taken alone, might afford appellants some comfort but the case as a whole is really favorable to appellee. The question here is: What did the Legislature intend by the above-quoted provision? The statute as a whole is a moratorium act especially designed to protect debtors from sale of real estate and particularly from foreclosures. The act covers the three situations of foreclosure, deficiency judgment, and sale of land on execution issued upon an ordinary judgment. The provision as to deficiency judgments is clear, unequivocal, and confined solely to deficiency judgments as understood in legal parlance to be a balance of personal indebtedness above the amount realized on sale of mortgaged property securing such indebtedness. The remedy accorded in respect to such judgments is that no action shall be maintained therefor, prior to March 1, 1937, until the period of redemption as allowed by existing law

or as extended under the provisions of this act has expired.

The decisions of Minnesota recognize the difference between an action upon the note, where no foreclosure is sought, and an action on the note joined with a foreclosure proceeding. Dunnell's Minnesota Digest, vol. 4, p. 667, § 6205; Winne v. Lahart, 155 Minn. 307, 193 N.W. 587, 34 A.L.R. 844; and see Conn. Mutual Life Ins. Co. v. Hansell, 194 Minn. 41, 259 N.W. 390, 391; Burrows v. Paulson, 64 N.D. 557, 254 N.W. 471. This action is indisputably one upon the notes alone and is not within the provisions of the statute above quoted. It may be within the provisions of section 3, subd. 2, of the same act which has to do with postponement of enforcement of judgment by execution sale, but the effect of this latter section is not to postpone the bringing of the action or securing of judgment but to suspend realization upon the judgment. This provision as to execution sales appears in a different paragraph of the act and is equally clear. There the remedy is a jurisdiction placed in the court to postpone the enforcement of the judgment "or give other relief."[1] There has been no attempt looking to "enforcement of judgment by execution sale"—this proceeding being purely to procure a judgment. It seems clear that this action is not prematurely brought unless it is an action for a deficiency judgment, which it clearly is not.

Another matter suggested in the brief of appellants but not argued beyond a bare statement and citation of authorities is that the court erred in not submitting to the jury the question of whether appellee had lost its right to accelerate payment through a failure to exercise such right within a reasonable time after the last default. The principal note contained a provision that: "If any installment of interest be not paid at maturity, then this principal note and all interest accrued thereon shall, without notice and at the option of the holder hereof, mature and be collectible at once." The last default was on the interest note due April 1, 1935. Without any earlier declaration of acceleration, this action was filed December

---

[1] This provision of the statute is as follows: "Sec. 3. 2 Jurisdiction of court.—The court shall have the same jurisdiction to postpone the enforcement of judgment by execution sale or to order resale or give other relief where such judgment is rendered in an action to collect a debt or obligation secured by a real estate mortgage, the foreclosure of which might be affected under the terms of this act, as is conferred by this act with regard to the mortgage."

18, 1935. Appellants' contention is that this delay of more than eight months was an unreasonable delay resulting in waiver and loss of the right to accelerate for prior defaults.

While there is some difference in the authorities, it seems to us that the workable, sensible rule is that no waiver can be predicated merely on delay but that the debtor must show some prejudice to him because of the delay in exercising the acceleration option before there can be a waiver or, in reality, an estoppel. Glas v. Glas, 114 Cal. 566, 46 P. 667, 55 Am.St. Rep. 90; Hewitt v. Dean, 91 Cal. 5, 10, 27 P. 423; Westcott v. Whiteside, 63 Kan. 49, 64 P. 1032; and see Swearingen v. Lahner, 93 Iowa, 147, 152, 61 N.W. 431, 433, 26 L.R.A.(N.S.) 765, 57 Am.St.Rep. 261; and notes to cases in 51 L.R.A.(N.S.) 151, 46 L.R.A.(N.S.) 475, 22 L.R.A.(N.S.) 956, and 12 L.R.A.(N.S.) 1190. There is no claim here either in the pleadings or in the evidence that the delay in bringing this action has in any way been prejudicial to appellants.

The judgment must be, and is, affirmed.