[Civ. No. 11169. First Appellate District, Division Two.—January 5, 1940.]

BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION (a National Banking Association), Respondent, v. ISABELLA GILLETT et al., as Executrices, Appellants.

Hart H. North and Henry E. Monroe for Appellants.

G. D. Schilling, S. J. Tosi, James S. DeMartini and Donahue, Richards & Hamlin for Respondent.

NOURSE, P. J.—The plaintiff sued upon a rejected claim presented to the executrices of the Estate of James N. Gillett, deceased. The claim was based upon a promissory note, secured by a deed of trust upon real property, payment upon which was long in default. The defendants rejected the claim upon the theory that, since the payee was required to exhaust the security before suing upon the original obligation, the claim presented to the estate was for money not then due. The plaintiff urges that the primary obligation became due upon its due date; that it was therefore necessary to present the claim and sue within three months of its rejection to prevent the running of the statute of limitations. The findings and judgment favored plaintiff, and the pertinent portions of the judgment read: ''IT IS HEREBY ORDERED,

ADJUDGED AND DECREED that plaintiff be, and it is hereby, granted judgment against the said defendants in the sum of $27,510.22, payable in due course of administration upon the estate of said decedent, plaintiff, however, to proceed as provided by law to exhaust the security for said indebtedness and apply the proceeds thereof toward the discharge of said indebtedness.''

These legal principles compel an affirmance of the judgment: (1) Under section 714 of the Probate Code it was necessary, if the debt was then due, for the respondent to commence its suit within three months after notice of rejection of the claim. The claim against the estate was one for money ''then due'' within the meaning of the foregoing section; a debt becomes due when it reaches the date upon which payment may be required; such date is usually that named in the instrument which fixes the primary obligation. That such obligation cannot be enforced in a court of law until certain legal processes are followed to exhaust the security for the obligation does not make the obligation a contingent one, and does not make the primary debt unpayable or ''undue'' at the time of the specified maturity.

(2) A judgment will not be reversed except for error prejudicial to the appellant; i. e., error which substantially affects his legal rights and obligations. The appellants have failed to show such error, because the judgment is nothing more than a judicial declaration of the respective rights and obligations of the respective parties—just such a judgment as might have been entered under section 1060 of the Code of Civil Procedure if the plaintiff had designated his complaint one for ''Declaratory Relief.'' But forms of pleading are of no importance if the pleading in substance states the facts showing the relief to which the pleader is entitled. In such a case the pleader may have the relief which the facts established justify, though that relief may not be exactly what he thought he was entitled to. (*Brown* v. *Anderson-Cottonwood Irr. Dist.*, 183 Cal. 186, 188 [190 Pac. 797]; *Zellner* v. *Wassman*, 184 Cal. 80, 88 [193 Pac. 84].)

(3) The controversy here rests largely on a misunderstanding of the meaning of a ''deficiency judgment''. The appellants assume that it is the amount ultimately found to be due on the debt after the security has been exhausted, and that, accordingly, until this amount has been found

"due" no claim against the estate can be sued on as upon a debt then due. A deficiency judgment is defined in section 580a of the Code of Civil Procedure as one for "the amount by which the entire amount of the indebtedness due at the time of sale exceeded the fair market value of the real property". Hence a deficiency judgment is one determining the amount "collectible" as distinguished from the amount due—the latter being determined by the written instrument.

(4) The judgment having declared the amount due upon the original obligation in accordance with the stipulation of the parties, the appellants may not claim error in that respect. It declares that the debt shall be payable "in due course of administration", and this is conceded not to be error. It declares that the plaintiff must proceed "as provided by law" to exhaust the security and thus aid in a partial discharge of the indebtedness. No error is claimed here, but the appellants ask us to decide, in advance of a triable issue, what the various processes "provided by law" should be in this particular case. That this question is not before us now is apparent. Whether, after the respondent has exercised its power of sale under the deed of trust, the trial court should appoint appraisers to fix the fair market value of the security, and whether the deficiency judgment should then be determined by reference to the fair market value of the security, or whether in any other particular, the provisions of sections 580a et seq. of the Code of Civil Procedure should be applied to this obligation, these are all questions which should be decided when the plaintiff proceeds "as provided by law" to exhaust the security and establish the amount of the deficiency which then becomes collectible from the estate. If the proceeds of sale or foreclosure meet all the existing obligations, none of these questions needs be decided. But since the judgment appealed from merely establishes the claim as a valid claim upon the primary obligation and thereby stops the running of the statute of limitations against the respondent, the judgment does not present any error prejudicial to the appellants. If they had but approved the claim, which their counsel now stipulate to be fair and correct, this litigation would have become unnecessary. The judgment is, in legal effect, merely an ap-

proval of a concededly proper claim which should not have been rejected.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 4, 1940.