**CARR et, Plaintiffs-Appellees v. CLEVELAND TRUST CO., Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 20466. Decided March 10, 1947.

Lex Kintner, Cleveland, for plaintiffs-appellees.
Todd & Todd, Cleveland, for defendant-appellant.

## OPINION

By HURD, PJ.
This is an appeal on questions of law from the Court of

Common Pleas of Cuyahoga County wherein by virtue of the provisions of §11663-1 GC, generally known as the "Deficiency Judgment Law" the court declared certain judgments previously rendered therein to be unenforceable.

The defendant, The Cleveland Trust Company, is the sole appellant, and for convenience the parties will hereafter be referred to as plaintiffs and defendant as they appeared in the trial court.

The case was tried on an agreed statement of facts part of which is as follows:

"It is stipulated by and between counsel for the respective parties that the premises involved was a single family dwelling house which had been occupied and used by Frank Carr and his family after the mortgage had been given to The Cleveland Trust Company, which mortgage was secured by these premises. It is also admitted and agreed that at the time foreclosure proceedings were had by the Home Owners Loan Corporation against Frank C. Carr and others as defendants, being case No. 450895 on the Civil Appearance Docket of this Court, the Cleveland Trust Company was served with process and appeared as a party defendant in said suit, and by way of answer set up and described the above referred to mortgage, but asked for no personal judgment against the Carrs, notwithstanding the mortgage it referred to secured payment of a cognovit note which had theretofore been executed by Frank C. and Flora F. Carr; that there-after on the 22nd day of July, 1938, in a case wherein The Cleveland Trust Company was plaintiff and Frank C. and Flora F. Carr were defendants, a judgment was given in favor of The Cleveland Trust Company and against the defendants Carr by confession on the above referred to promissory note, the same being case No. 478464 upon the appearance docket of this Court, and that thereafter proceedings to collect this judgment, as appears by the docket of this Court in said court were had."

There were three mortgages covering the property of the plaintiffs involved, The Home Owners Loan Corporation holding the first mortgage; The Cleveland Trust Company holding the second mortgage and the heirs at law of F. A. Shepard holding the third mortgage. The second mortgage was dated December 29, 1934 and in pursuance of conditions imposed by the Home Owners Loan Corporation when granting its first mortgage, the second mortgage contained the following clause:

"It is a condition of this mortgage that the mortgagee or holder hereof cannot institute legal proceedings upon this indebtedness for a period of three years from date hereof."

A similar provision was embodied in the note secured by the mortgage.

Within three years the Home Owners Loan, Corporation commenced an action to foreclose its first mortgage lien being Common Pleas Case No. 450895 and made The Cleveland Trust Company a party defendant, alleging that said company had certain claims by virtue of a second mortgage. The Cleveland Trust Company filed its answer and cross-petition setting up its second mortgage and alleged that it had "a valid second lien on said premises" and prayed that there may be found due it on said mortgage indebtedness the sum of $346.83 with interest and prayed that in the event of a sale of said premises it be paid from the proceeds thereof and for such other and further relief as equity entitled it to receive. The premises were thereafter sold by the Sheriff in pursuance of such proceedings for an amount insufficient to pay the first mortgage in full, leaving deficiencies in the full amount due the appellant and other lien holders.

Thereafter on July 11, 1944, a petition for declaratory judgment was filed in the instant case, and insofar as it relates to defendant, contained a prayer that "the deficiency judgment against them and in favor of the Cleveland Trust Company in the sum of $346.83 with interest and costs therein in Cause No. 450895 and the judgment in Cause No. 478464 be held and deemed one and the same and they both and each * * * * be declared unenforceable." The issues were joined on the pleadings and evidence and the Court found in favor of plaintiffs and signed a journal entry setting forth in substance that no execution was ever issued upon the deficiency judgment rendered against defendants in the foreclosure proceedings and that the judgment entered on the note was one and the same judgment arising out of the same instrument for the payment of money secured by the mortgage which was foreclosed in the first action and that the claims of the mortgagee were finally adjudicated in the first case No. 450895; and that a period of time in excess of two years had elapsed from the date of the confirmation of the judicial sale of the property; and that there was not outstanding or pending any executions, actions or proceedings in aid of execution or any other proceeding to subject property of the judgment debtors to the deficiency judgment in said case and that the judgment entered

July 23, 1938 on the promissory note in favor of The Cleveland Trust Company was a nullity in view of the judgment theretofore entered in the prior proceedings. The court thereupon vacated and set aside the judgment and adjudged and decreed that the deficiency judgment rendered in the first proceedings (Cause No. 450895) was unenforceable.

The defendant argues in substance that "the original foreclosure proceedings could not be held res adjudicata as to it for the reason that no personal judgment was taken by it in said proceedings and that when it did secure a personal money judgment on its cognovit note something over one year later that said note was no longer a secured note and therefore the provisions of §11663-1 GC no longer applied.

Defendant also contended that the judgment·on its note had been "kept alive" by the issuance of certificates of judgment and by the issuance of execution thereon.

The plaintiffs contend that "the trial court did not err when it held that the judgment was unenforceable because the proceedings in the foreclosure case were res adjudicata in respect of any future judgments which might be taken on the cognovit note secured by the second mortgage and even if it were not so held that the note for which the mortgage was security did not lose its classification as a mortgage note so as to be excluded from the provisions of §11663-1 GC and further that only paper executions were issued on the cognovit judgment which were not sufficient to "keep it alive" so that it could be enforced more than two years subsequent to the rendition thereof.

It is conceded that by the provisions of the second mortgage note the defendant could not have initiated or instituted proceedings in the first instance for the collection thereof within three years from its date. However, the Home Owners Loan Corporation which instituted the proceedings was not similarly bound and when it commenced the action to foreclose and named appellant as party defendant, the defendant was ipso facto released from all restraints to assert its claim and protect its interest and could have prayed for and recovered a money judgment at its option. It did not choose to obtain a money judgment but approved a journal entry setting forth the amount due it on the note and mortgage and providing that it be paid from the proceeds of the sale of the premises.

Counsel have cited and quoted many authorities on the question of whether or not the decree in the foreclosure case was res adjudicata as to the judgment later secured on the cognovit note. Among the cases cited we do not find any that

are directly in point. However, by reason and analogy according to the weight of authority in Ohio, we conclude that a decree in foreclosure of a mortgage is not a bar to a later money judgment on the note secured thereby for any amount remaining due thereon after sheriff's sale.

The right to foreclose a mortgage and the right to a judgment on the note constitute two separate causes of action the one equitable, the other legal, neither being inconsistent with the other although they arise out of the same transaction.

Sec. 11306 GC allowing the plaintiff to unite several causes of action in the same petition, whether legal or equitable, or both, including paragraph 9 thereof allowing joinder of "claims to foreclose a mortgage given to secure the payment of money, or to enforce a specific lien for money and to recover a personal judgment for the debt secured by the mortgage or lien" is permissive and not mandatory. Simon et al v Union Trust Co. 126 Oh St 346: cited with approval, Norwood v McDonald, 142 Oh St 299 at page 312.

See also: Cooper v Wagner, 45 Oh Ap 516, 187 N. E. 368; 15 Abs 346, syllabus 1:

"Foreclosure proceedings is no bar to a concurrent or successive suit on purchase money note secured by mortgage or vendor's lien unless note has been paid by satisfaction of judgment, or through sale of property in such proceedings."

In our opinion, therefore, the finding in the foreclosure action of an amount due the cross-petitioning defendant therein did not constitute res adjudicata in respect of the right to a separate judgment upon the note and the trial court erred in holding that the judgment later rendered on the cognovit note was a nullity.

The next question to be considered requires an interpretation of §11663-1 GC as enacted and effective August 19, 1939, a condensed summary of which is as follows:

"Any judgment for money rendered in a court of record in this state upon any indebtedness, which is secured or evidenced by a mortgage * * * on real property * * * upon which * * * there has been located a dwelling * * * for not more than two families which has been used in whole or in part as a home or farm dwelling or held as a homestead by the person who executed * * * such mortgage * * * or which has been held by

such person as a homesite, shall be unenforceable as to any deficiency remaining due thereon after the expiration of two years from the date of the confirmation of any judicial sale of such property, completed subsequent to the rendition of such judgment or after August 19, 1937, whichever shall be later. Provided, however, that any execution issued upon such judgment commenced prior to the expiration of such two-year period or prior to August 19, 1939 whichever shall be later, shall not be affected by this section and provided, further, that this section shall not affect any action or proceeding in the nature of a creditor's bill commenced within such two-year period or prior to August 30, 1939 whichever shall be later." * *

It is the contention of defendant that when the security was sold in the foreclosure proceedings the note thereby lost its character as "an indebtedness secured or evidenced by mortgage on real property" on the theory that the statute contains the word "is" and not "was". We think this contention cannot be sustained. The note bears the legend **"secured by mortgage on real estate"**. The mortgage contains a copy of the note, and the cross-petition of the defendant in the foreclosure proceedings sets forth that **the mortgage was given to secure the note.** The character of the instrument was fixed at the time of its execution and delivery and not anything which transpired thereafter could alter the original character of the instrument within the plain meaning of §11663-1 GC.

It is our opinion that the judgment on the note represented a deficiency in view of the fact that the property when sold through foreclosure proceedings at sheriff's sale did not bring sufficient to pay the amount due. The note was the primary obligation, the payment of which either by the proceeds of sheriff's sale or in any other manner would effectually discharge all claims on the mortgage. The mortgage was a secondary obligation which was security merely for the note. A deficiency having resulted upon sale, the defendant herein could have secured a personal money judgment upon the finding of the amount due on the mortgage in the foreclosure proceedings as distinguished from a personal money judgment on the note. The end result would have been the same, a deficiency judgment. The fact that defendant delayed a year or more in electing to take a personal judgment on the cognovit note secured by the mortgage, does not alter the fact of the deficiency or change the character of the original obligation so as to defeat the very purpose for which the statute was enacted. Furthermore it would appear that even though there was not

a personal money judgment rendered in the foreclosure proceedings it could not be said that there was not a judgment for money evidenced by a mortgage, within the meaning of §11663-1 GC wherein it is set forth "any judgment for money * * rendered * * upon any indebtedness * * * evidenced by a mortgage * * shall be unenforceable * * * *". Sec. 11582 GC defines a judgment as "the final determination of the rights of the parties in action."

In Vol. 23 O. Jur. page 528, Sec. 3, on Judgments it is stated that the foregoing definition "has been declared to be an accurate common law definition of a final judgment * * * frequently quoted by the courts. A judgment embodies the final determination by the court of the rights of the parties upon all matters presented by the record."

Freeman on Judgments (5th Ed) at page 3, Sec. 2, defines the word "judgment" as follows:

"The conclusion of law in a particular case announced by the court; the final consideration and determination of a court of competent jurisdiction upon the matter submitted to it."

2 Bouviers Law Dictionary (3 Rev.) 1718 says:

"The decision or sentence of the law given by the court of justice or other competent tribunal, as the result of proceedings instituted therein for the redress of an injury."

In the case of **Curren v Brookes, 142 Oh St 107**, paragraph 2 of the syllabus is as follows:

"A judgment is the final determination of a court of competent jurisdiction upon matters submitted to it."

Tested by these and other authorities to the same effect we must conclude that the finding of the court as to the amount of money due the defendant on its mortgage, payment for which was prayed for upon the sale of the property and the granting of a decree of foreclosure therefor was in fact a judgment for money evidenced by a mortgage within the purview of §11663-1 GC. This might be termed a judgment in Rem as distinguished from a judgment in personam but a judgment none the less upon which any party to the action feeling aggrieved would have been entitled to a right of review as from a final judgment or order.

But in whatever light we view the proceedings which took place, either by way of foreclosure or by separate personal judgment on the note, one fact stands out in bold relief and that is that a deficiency judgment resulted from the entire proceedings by reason whereof the plaintiffs are entitled to whatever benefits accrue from the provisions of the deficiency judgment act so-called.

Coming now to consider the final question at issue it is contended that because certificates of judgment were issued on July 23, 1938 and June 24, 1943 and that executions were issued August 4, 1938, March 2 and August 9, 1944 the judgment on the cognovit note was kept alive. The record indicates that these were only office or paper executions. There were no executions issued during the period from August 19, 1939 to August 19, 1941 and no executions, paper or otherwise, were pending upon the latter date which would be the last date for the enforcement of the judgment under the provisions of §11663-1 GC, for it will be observed that August 19, 1939 is two years later than the confirmation of the judicial sale (June 7, 1937) in the foreclosure suit, and over one year later than the cognovit judgment (July 22, 1938). Therefore, according to the statute the judgment was no longer enforceable, inasmuch as the statute provides that

"a judgment * * *shall be unenforeable after the date of the confirmation of such judicial sale of such property completed subsequent to the rendition of such judgment, or after August 19, 1939, whichever shall be later * * * * * *."

This conclusion is in harmony with the decision of the supreme court in the case of **Lash, Admr. v Mann, 141 Oh St 577** wherein the court at **pages 581-82 said**:

"This phase of the controversy appears to arise because of a failure to distinguish between the preservation of a judgment lien and the pendency of an execution on a judgment. The defendant, Olive Mann, by paper or office levies, kept her judgment as a lien from becoming dormant, but did she have an execution on this judgment pending at the expiration of two years from August 19, 1937, which alone would save its enforcement from the limitations of the statute? A writ of execution is a civil proceeding for the enforcement of a judgment against such property. It is issued by the clerk and directed to the sheriff commanding him to seize or take possession of property and to sell it in the manner provided by law for the

satisfaction of judgments. See §11664, 11666, 11672, 11678, 11681 and 11688 GC. That such a proceeding is contemplated and required by the statute is evident from the context which provides that an execution issued upon such judgment must be commenced prior to the expiration of the limitation period. This also presupposes that a proceeding commenced is followed through by sale of the property or the remedy provided by the statute could be frustrated by repeated levies keeping the judgment alive indefinitely. It is clear from the record in this case that no such execution had been commenced within the period of limitation and that the enforcement of the judgment was thereafter barred by the statute."

In the instant case the real property mortgaged for the security of the debt having been sold in the foreclosure proceedings and therefore no longer available for levy and execution, the judgment creditor, in order to recover the deficiency was obliged to issue a writ of execution and by due process seize or take possession of other property, real or personal, and to sell it in the manner provided by law for the satisfaction of judgments. As established in Lash, Admrx. v Mann, supra, not only must an execution be commenced prior to the expiration of the limitation period, but the section presupposes that a proceeding so commenced is followed through by sale of the property, for otherwise the remedy provided by the statute could be frustrated by repeated levies keeping the judgment alive indefinitely.

It is apparent upon the face of the record here, that no such action was taken and that such writs of execution as were issued were in each instance returned "nulla bona". It may well be that there was no other property of the judgment debtor subject to levy and execution, whereas in the Lash case supra, there was such other property.

An objective analysis of this "deficiency judgment law" so-called, as well as the history of this legislation as shown by antecedent enactments, indicates a clear and consistent intention upon the part of the legislature to grant relief to those whose homes were sold through foreclosure proceedings, by limiting the time within which such judgment creditors shall subject other property to deficiencies.

It is in effect a statute of limitations. It has withstood the test of constitutionality. It is not the province of the courts to question the wisdom of the legislation or to approve strained interpretations which defeat the obvious purpose.

The record here shows that the defendant had a period of over four years within which to take appropriate action to protect its interest by subjecting other property, if any there

was, to execution and sale to satisfy its deficiency. Certainly the plaintiffs cannot in justice be deprived of the rights under the statute where the judgment creditor either did not or could not exercise its rights by taking appropriate action within the reasonable time limits provided by the statute.

For the reasons stated the judgment of the Common Pleas Court should be affirmed.

MORGAN J, SKEEL J, concur.