[L. A. No. 22671. In Bank. July 3, 1953.]

ESTELLE MARRION BROWN, Respondent, v. ROSE M. JENSEN et al., Appellants.

Ned P. Eads and Don D. Bercu for Appellants.

Bertram S. Harris for Respondent.

CARTER, J.—Defendants appeal from a judgment for plaintiff on a promissory note.

Plaintiff was the owner of real property which, on April 26, 1950, she sold to defendants, Rose Jensen and Leota Trip-

lett. As a part of the purchase price and on the same day, defendants executed in favor of Glendale Federal Savings and Loan Association (hereafter called Federal) a note for $11,300, secured by a first trust deed on the property. At the same time, and also as a part of the purchase price, a second note was executed by them in favor of plaintiff for $7,200, secured by a second trust deed on the property. Hence both trust deeds were purchase money trust deeds.

It does not appear from the pleadings or findings how the first trust deed was "foreclosed," that is, whether by court action or by the exercise of the power of sale thereunder. While it is stated simply that the property was "sold under foreclosure," it appears from the affidavits on motion for a summary judgment that the sale was under the power of sale in the trust deed. Neither of the notes had been paid and Federal had the property sold pursuant to the power of sale and bid it in for $11,896.63, and a trustees' deed was thereupon delivered to Federal. Plaintiff made no attempt to buy the property at the sale so as to protect her second trust deed.

Plaintiff's complaint stated a cause of action on her note, and to meet the claim that but one action could be brought on a debt secured by a trust deed, namely, one for foreclosure (Code Civ. Proc., § 726), alleged that her security (her second trust deed) had become valueless because it had become exhausted by the sale under the first trust deed. [1] Under section 726 of the Code of Civil Procedure, there may be only one action for the recovery of a debt secured by a trust deed, which action is one of foreclosure. In addition compliance must be had with the conditions of the chapter in which section 726 appears. One of these conditions is that any deficiency judgment is limited to the difference between the fair market value of the property and the amount for which the property was sold. [2] It has been held under that section that where the security has been exhausted or rendered valueless through no fault of the mortgagee, or beneficiary under a trust deed, an action may be brought on the debt on the theory that the limitation to the single action of foreclosure refers to the time the action is brought rather than when the trust deed was made, and that if the security is lost or has become valueless at the time the action is commenced, the debt is no longer secured. (*Security-First Nat. Bank* v. *Chapman*, 31 Cal.App.2d 182 [87 P.2d 724]; *Hellman Com. T. & S. Bank* v. *Maurice,* 105 Cal.App.

653 [288 P. 683]; *Ferry* v. *Fisk*, 54 Cal.App. 763 [202 P. 964]; *Crescent Lumber Co.* v. *Larson*, 166 Cal. 168 [135 P. 502]; *Otto* v. *Long*, 127 Cal. 471 [59 P. 895]; *Savings Bank* v. *Central Market Co.*, 122 Cal. 28 [54 P. 273]; *Commercial Bank* v. *Kershner*, 120 Cal. 495 [52 P. 848]; *Merced Security Sav. Bank* v. *Casaccia*, 103 Cal. 641 [37 P. 648]; *Salter* v. *Ulrich*, 22 Cal.2d 263 [138 P.2d 7, 146 A.L.R. 1344]; *Republic Truck Sales Corp.* v. *Peak*, 194 Cal. 492 [229 P. 331].) That rule has been applied in favor of a second mortgagee, the security being considered lost or valueless as to him, where a first mortgagee forecloses his mortgage and the property is sold for no more than the senior debt and a deed has been given. (*Savings Bank* v. *Central Market Co.*, *supra*, 122 Cal. 28; *Giandeini* v. *Ramirez*, 11 Cal.App.2d 469 [54 P.2d 91].)

It would appear from the facts here presented that plaintiff has brought herself within those rules and hence section 726 is not an obstacle to her action on the promissory note. There are, however, additional restrictions on deficiency judgments on secured debts. Defendants pleaded section 580b of the Code of Civil Procedure,* and as seen the facts here show that plaintiff's second trust deed is clearly a purchase money trust deed. It is urged, however, that inasmuch as there has not been a sale by plaintiff under her trust deed within the wording of section 580b, *supra*, it does not apply. It is further urged that it does not apply because the security has become valueless by reason of the sale under Federal's first trust deed, and the case is not one involving a "deficiency" as there cannot be a deficiency if there is no security to sell because it presupposes a partial satisfaction of the debt by a sale which exhausts the security.

In order to solve this question there must be a further examination of the code sections. There are other restrictions besides section 726, *supra*, and 580b, *supra*. **[3]** Section 580a applies the fair market value test of section 726 to sales made without court assistance under a power of sale contained in a trust deed. Section 580d goes further and provides that no judgment shall be rendered for any defi-

---

*"No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale, or under a deed of trust, or mortgage, given to secure payment of the balance of the purchase price of real property.

"Where both a chattel mortgage and a deed of trust or mortgage have been given to secure payment of the balance of the combined purchase price of both real and personal property, no deficiency judgment shall lie at any time under any one thereof." (Code Civ. Proc., § 580b.)

ciency on a note secured by a trust deed where the property has been sold under the power of sale (as distinguished from a sale in a foreclosure action) contained in the trust deed. These provisions indicate a considered course on the part of the Legislature to limit strictly the right to recover deficiency judgments, that is, to recover on the debt more than the value of the security. ■ Next comes section 580b, *supra,* here involved, which deals with a special type of security transaction, a trust deed, given to secure to the vendor of property the purchase price agreed to be paid by the vendee. That section is necessarily intended to provide a protection for the trustor because if it were intended to cover only the situation where there has been an actual sale of the security under the power of sale in the trust deed, it would be superfluous. Section 580d covers precisely that situation in *all* trust deeds, whether purchase money or otherwise. ■ The broad protection provision (Code Civ. Proc., § 580b) for purchase money trust deeds stands on a reasonable footing. A purchase money trust deed is not like an ordinary trust deed and note upon which only one action may be brought under section 726. Under section 726, as above stated, it is held that whether there is a security is determined as of the time the action is commenced and if the security is lost or has become valueless, an action on the note will lie because the events which caused it to become valueless were beyond the control of the trustor and were not contemplated at the time the money was loaned and the trust deed given. With purchase money trust deeds, however, the character of the transaction must necessarily be determined at the time the trust deed is executed. Its nature is then fixed for all time and as so fixed no deficiency judgment may be obtained regardless of whether the security later becomes valueless. ■ The question is, therefore, did plaintiff take a purchase money trust deed on the property when it was purchased? If she did, then section 580b is applicable and she may look only to the security. That is the clear import of the wording of section 580b. ■ The one taking such a trust deed knows the value of his security and assumes the risk that it may become inadequate. Especially does he know the risk where he takes, as was done here, a second trust deed. ■ It is true that the section speaks of a deficiency judgment after sale of the security but that means after an actual sale or a situation where a sale would be an idle act, where,

as here, the security has been exhausted. The deficiency judgment which cannot be obtained is still a deficiency judgment even though it may consist of the whole debt because a deficiency is nothing more than the difference between the security and the debt, or, as was said in *Carr* v. *Cleveland Trust Co.,* (Ohio App.) 74 N.E.2d 124, 128 (in dealing with a case where the sale under the first mortgage produced only enough to pay it and the effect of a two-year limitation period for obtaining a deficiency judgment on a mortgage secured debt against the holder of a note secured by a second mortgage): "But in whatever light we view the proceedings which took place, either by way of foreclosure or by separate personal judgment on the note, one fact stands out in bold relief and that is that a deficiency judgment resulted from the entire proceedings by reason whereof the plaintiffs are entitled to whatever benefits accrue from the provisions of the deficiency judgment act so-called." Indeed the purpose of section 580b is that ". . . for a purchase money mortgage or deed of trust the security alone can be looked to for recovery of the debt." (*Mortgage Guarantee Co.* v. *Sampsell,* 51 Cal.App.2d 180, 185 [124 P.2d 353].) The section states that in *no event* shall there be a deficiency judgment, that is, whether there is a sale under the power of sale or sale under foreclosure, or no sale because the security has become valueless or is exhausted. The purpose of the "after sale" reference in the section is that the security be exhausted and that result follows after a sale under the first trust deed.

The foregoing construction of section 580b is further fortified by the last paragraph thereof, *supra,* for it provides that where a chattel and real property mortgage are given to secure the purchase price of real and personal property, no deficiency judgment shall be given at *any time* under either of them.

Plaintiff relies on *Hillen* v. *Soule,* 7 Cal.App.2d 45 [45 P.2d 349], involving an action on a promissory note secured by a purchase money trust deed which was inferior to a first trust deed which was foreclosed and the security thereby exhausted. It was held that section 580b was not applicable because plaintiff's action was not for a deficiency judgment as the security was exhausted and plaintiff had not sold under his trust deed. That conclusion is out of harmony with the foregoing discussion. Evidently the factors above discussed were not called to the court's attention. In the later case

of *Mortgage Guarantee Co.* v. *Sampsell, supra,* 51 Cal.App.2d 180, 185, the court states that the security alone may be looked to for payment of a debt secured by a purchase money trust deed. However, the result reached in the Hillen case was correct because the trust deeds there were given in 1927 before the adoption of section 580b (section 580b was added to the Code of Civil Procedure in 1933, Stats. 1933, p. 1673) and hence that section could not have been applicable there.

The judgment is reversed and the court directed to enter judgment for defendants.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.

SPENCE, J.—I dissent.

The majority opinion declares that "section 726 is not an obstacle" to plaintiff's action on her promissory note, but it holds that plaintiff's action is one for a "deficiency judgment" within the meaning of section 580b of the Code of Civil Procedure and is therefore barred by the terms of that section. I cannot agree with this last mentioned conclusion. The security afforded by plaintiff's *second* deed of trust was extinguished by the sale held under the power of sale in the first deed of trust. Therefore, there never had been a sale under the power of sale contained in plaintiff's second deed of trust.

A reading of sections 580a, 580b, 580c and 580d of the Code of Civil Procedure makes it entirely clear that the words "deficiency judgment" are consistently used therein in their ordinary meaning. They refer to a judgment sought for the balance allegedly due upon the personal obligation imposed by a written instrument secured by a deed of trust or mortgage "following the exercise of the power of sale in *such* deed of trust or mortgage . . . " (Code Civ. Proc., § 580a; emphasis added) and where "the real property has been sold by the mortgagee or trustee under power of sale contained in *such* a mortgage or deed of trust" (Code Civ. Proc., § 580d; emphasis added).

The decisions in this state show that this is the meaning which has been heretofore given to the words "deficiency judgment," as used in section 580a. (*Hatch* v. *Security-First Nat. Bank,* 19 Cal.2d 254, 258 [120 P.2d 869]; *Bank of America* v. *Gillett,* 36 Cal.App.2d 453, 456 [97 P.2d 875]; see *Bank of America* v. *Hunter,* 8 Cal.2d 592, 597-598 [67

P.2d 99]; *Everts* v. *Matteson,* 21 Cal.2d 437, 448 [132 P.2d 476].) It is also the common meaning attached to the term in other jurisdictions. (*Phillips* v. *Union Central Life Ins. Co.,* 88 F.2d 188, 189; *Bank of Douglas* v. *Neel,* 30 Ariz. 375 [247 P. 132, 133]; *Cragin* v. *Ocean & Lake Realty Co.,* 101 Fla. 1324 [133 So. 569, 135 So. 795, 797]; *Harrow* v. *Metropolitan Life Ins. Co.,* 285 Mich. 349 [280 N.W. 785, 788]; *Tiedeman* v. *Dorn,* 137 Misc. 136 [241 N.Y.Supp. 490, 492-493]; *Stretch* v. *Murphy,* 166 Ore. 439 [112 P.2d 1018, 1021]; *Bailey* v. *Block,* 104 Tex. 101 [134 S.W. 323, 325]; 59 C.J.S. 1474.)

Section 580b was originally enacted with section 580a in 1933 (Stats. 1933, pp. 1672, 1673), and the meaning of "deficiency judgment" was undoubtedly intended to be the same for both sections. When section 580d was added in 1940 (Stats. 1st Ex. Sess. 1940, ch. 29, § 2), it was again made clear that "deficiency judgment" referred to a judgment sought for the balance allegedly due a person whose obligation had been secured by a deed of trust or mortgage and where the real property had been sold "under power of sale contained in *such* a mortgage or deed of trust." While sections 580b and 580d do overlap to some extent, section 580b cannot be properly characterized as "superfluous."

In 1935 and shortly after the enactment of section 580b, it was construed with relation to similar facts in *Hillen* v. *Soule,* 7 Cal.App.2d 45 [45 P.2d 349]. It was there said: "Appellant first contends that this is an action for a deficiency judgment after a sale under a deed of trust given to secure the balance of the purchase price of real property, and that such action cannot be maintained by reason of the provisions of section 580b of the Code of Civil Procedure. It is a sufficient answer to state that this is not an action for a deficiency judgment. The security was exhausted by the sale under the first deed of trust and no sale was had under respondent's deed of trust. We are therefore of the opinion that the provisions of said section are inapplicable." (P. 47.)

The Legislature has twice amended section 580b since this construction was placed upon the words "deficiency judgment." (Stats. 1935, pp. 1806, 1869; Stats. 1949, ch. 1599, § 1.) As no change was made by these amendments in the phrase "deficiency judgment," it may be assumed that the Legislature approved the construction placed on that term in *Hillen* v. *Soule, supra,* 7 Cal.App.2d 45. Furthermore, the

wording of section 580d as enacted in 1940 also indicates such legislative approval.

The evil motivating the Legislature in enacting these sections was that "creditors were frequently able to bid in the debtor's real property at a nominal figure and also to hold the debtor personally liable for a large proportion of the original debt. (*Hatch* v. *Security-First Nat. Bank, supra,* 19 Cal.2d 254, 259; see 22 Cal.L.Rev. 170, 180.) The purpose was not to prevent any recovery where the security had become completely valueless or a senior mortgagee had foreclosed, leaving no security for the junior debt.

Thus, it appears to me that the majority opinion has stretched the meaning of section 580b far beyond its terms. Both sections 580b and 580d prevent the holder of a purchase money deed of trust from having a "deficiency judgment" after a sale under *such* a deed of trust. They do not cover the situation where no sale has been held under *such* deed of trust and no "deficiency judgment" is sought. To so construe these sections results in placing the holder of a purchase money note secured by a second deed of trust in a less favorable position than the holder of an unsecured note given for such purchase money. The Legislature has not so declared. Until it does so, the courts should not enter the legislative field by broadening the terms of statutes beyond their common meaning and contrary to the judicial interpretation which had been placed thereon prior to the time that the parties entered into their contractual relations.

The majority opinion relies on *Mortgage Guarantee Co.* v. *Sampsell,* 51 Cal.App.2d 180 [124 P.2d 353]. It is sufficient to state that that case did not present the question here involved. The broad language quoted by the majority opinion is mere dictum, unnecessary to the decision of that case.

I would affirm the judgment.

Respondent's petition for a rehearing was denied July 28, 1953. Spence, J., was of the opinion that the petition should be granted.