[Civ. No. 19927.   First Dist., Div. Two.   Dec. 18, 1962.]

TONY BARGIONI et al., Plaintiffs and Respondents, v. FANNY HILL, Defendant and Appellant.

Theodore M. Monell for Defendant and Appellant.

William Berger for Plaintiffs and Respondents.

AGEE, J.—Defendant appeals from a judgment in favor of plaintiffs based upon an unsecured note for $9,000, executed by defendant to plaintiffs.  ▮ The sole issue is whether the trial court erred in refusing to permit evidence of lack of consideration. An offer of proof was made by defendant and denied by the trial court. For the purpose of this appeal only we are assuming that such proof could be made.

The complaint is in the usual form. The answer alleges that the note "was executed by defendant herein without any consideration therefor whatsoever." The offer of proof was confined to this defense.

A summary of defendant's offer of proof follows. In 1958, defendant purchased from plaintiffs certain real property in Palm Springs and gave them, as a part payment therefor, her promissory note in the sum of $130,087.20, secured by a junior deed of trust on said property in the same amount; the note called for payments of $4,500 semiannually, commencing March 30, 1958; defendant defaulted in the first

payments and on May 23, 1958, executed a note for $9,000 to the plaintiffs as evidence of the first and second payments, although the second payment was not due until September 30, 1958; that no release was given under the terms of the deed of trust and notice of default could have been recorded by the plaintiffs; that there was a prior deed of trust on the property executed by the plaintiffs in 1956 in the amount of $153,000; that in 1959 the property was sold in foreclosure proceedings under this deed of trust, thereby eliminating the deed of trust executed by defendant and leaving defendant in the position of being an obligor on a purchase money deed of trust as against whom no deficiency judgment could lie as a matter of law. (Code Civ. Proc., § 580b; *Brown* v. *Jensen,* 41 Cal.2d 193, 197 [259 P.2d 425].)

Defendant's position is that the note was only evidence of an already existing obligation and that she was thereby agreeing only to do what she already was bound to do.

While a note is deemed to have been issued for a valuable consideration (Civ. Code, § 3105), this is a disputable presumption (Code Civ. Proc., § 1963, subd. 21). Absence of consideration is a defense as against any person not a holder in due course (Civ. Code, § 3109). It is essential to the existence of any contract that there be a sufficient consideration (Civ. Code, § 1550).

Plaintiffs did not introduce any testimony as to any *new* consideration for the note. They simply relied upon the presumption of consideration and rested, as they had a right to do. While counsel for plaintiffs makes statements about the new consideration for the note, there is no testimony to this effect in the record.

It is our opinion that defendant should be permitted to present whatever competent evidence she has relating to the defense of lack of consideration. Plaintiffs will then have the opportunity to put in whatever evidence they have on this issue in addition to the presumption of consideration.

Judgment reversed.

Kaufman, P. J., and Shoemaker, J., concurred.