[No. A032892. First Dist., Div. Three. Sept. 30, 1986.]

BANK OF SONOMA COUNTY, Plaintiff and Respondent, v.
NORMAN B. DORRIES, Defendant and Appellant.

## COUNSEL

Maxwell, Allen, Cooper & Manwell and David S. Cooper for Defendant and Appellant.

Alexander Thiele and Douglas A. Thiele for Plaintiff and Respondent.

## OPINION

**WHITE, P. J.**—Respondent, Bank of Sonoma County (Bank), sued appellant Norman Dorries for the balance due on a purchase money security agreement. The trial court granted the Bank's motion for summary judgment. Appellant filed a timely notice of appeal.

### Statement of Facts

On November 18, 1980, appellant purchased a mobilehome pursuant to a security agreement. The security agreement was subsequently assigned to respondent Bank. The agreement called for installment payments, secured by the mobilehome. The agreement provided that in the event of a default by appellant, the Bank could either obtain a judgment for the balance owed, or repossess and sell the mobilehome.

When appellant stopped making the payments as they became due, the Bank sued appellant for the balance owing: $32,560.57. Based upon the absence of any effort by the Bank to foreclose on the security, appellant raised as an affirmative defense the mobilehome antideficiency statute, section 2983.8 of the California Civil Code.

The trial court rejected appellant's defense, and granted the Bank's motion for summary judgment.

*Discussion*

The sole issue which faces this court in the present case is this: Does the antideficiency statute (Civ. Code, § 2983.8) bar a money judgment under a mobilehome purchase money agreement? We find that it does and therefore reverse the trial court judgment.

Civil Code section 2983.8 provides in pertinent part: "Notwithstanding Section 2983.2 or any other provision of law, no deficiency judgment shall lie in any event in any of the following instances:

"(a) After any sale of any mobilehome [*sic*] . . . for failure of the purchaser to complete his conditional sale contract given to the seller to secure payment of the balance of the purchase price of such mobilehome [*sic*]."

This section appears to have been patterned after section 580b of the Code of Civil Procedure which provides in pertinent part: "No deficiency judgment shall lie in any event after any sale of real property for failure of the purchaser to complete his contract of sale . . . given to the vendor to secure payment of the balance of the purchase price of real property. . . ."

Section 580b was enacted in 1933 in response to the economic problems facing the country following the Great Depression. The major purpose of the statute is to prevent aggravation of the downturn in depression times. (*Heckes* v. *Sapp* (1964) 229 Cal.App.2d 549, 552 [40 Cal.Rptr. 485].) In 1972 the Legislature enacted section 2983.8, an antideficiency statute which applies to mobilehomes. The legislative history surrounding the enactment of the section reveals that similar to antideficiency statutes which apply to real property, the Legislature intended to avoid saddling people who encounter such economic adversity as to cause them to lose their homes with the financial hardship of continuing to make payments on a mobilehome in which they no longer live.

"When legislation has been judicially construed and a subsequent statute on the same or an analogous subject is framed in the identical language, it will ordinarily be presumed that the Legislature intended that the language as used in the later enactment would be given a like interpretation." (*Los Angeles Met. Transit Authority* v. *Brotherhood of Railroad Trainmen* (1960) 54 Cal.2d 684, 688 [8 Cal.Rptr. 1, 355 P.2d 905].)

Thus, in the instant case, since there is sparse legal interpretation of section 2983.8, and a significant amount of authority interpreting section 580b, and given the similar purpose and nearly identical wording of the

statutes, we shall turn to the authority governing section 580b in deciding this issue.

Respondent Bank asserts that section 2983.8 does not apply to this case since respondent does not seek a "deficiency" (an amount of the loan not recovered due to a low resale value of the property), but rather seeks to recover the entire amount left owing on the loan. This argument has been considered and rejected by the courts interpreting section 580b. For example, in *Brown* v. *Jensen* (1953) 41 Cal.2d 193 [259 P.2d 425], the plaintiff urged the theory respondent proposes: that inasmuch as there had not been a sale by plaintiff within the wording of section 580b, the section did not apply. (*Id.,* at p. 196.) The court declined to adopt the theory, stating instead: "Indeed the purpose of section 580b is that '. . . for a purchase money mortgage or deed of trust *the security alone can be looked to for recovery of the debt.'"* (*Id.,* at p. 198, quoting *Mortgage Guarantee Co.* v. *Sampsell* (1942) 51 Cal.App.2d 180 [124 P.2d 353], italics added.)

Similarly, in *Venable* v. *Harmon* (1965) 233 Cal.App.2d 297 [43 Cal.Rptr. 490], the court commented: "Since only the land can be called upon to satisfy the debt, under *Brown* [v. *Jensen, supra,* 41 Cal.2d 193], the fact *that there has not been a prior sale is of no moment."* (*Id.,* at p. 302, italics added.) This conclusion was also reached in *Hersch and Co.* v. *C and W Manhattan Associates* (9th Cir. 1982) 700 F.2d 476.

Respondent's argument therefore is not meritorious. Section 2983.8 of the Civil Code does not allow a lender to waive the security and sue for the balance due; rather, the lender is limited to repossession of the mobilehome. The trial court erred in granting respondent's motion for summary judgment, and the judgment is therefore reversed.

Scott, J., and Merrill, J., concurred.

Respondent's petition for review by the Supreme Court was denied December 10, 1986.