[Civ. No. 14515. First Dist., Div. Two. Mar. 13, 1951.]

ROGER LOUPIAS, Appellant, v. ELI ROSEN et al., Respondents.

782

Alfred F. Taddeucci and Ralph Bancroft for Appellant.

Morris M. Grupp for Respondents.

NOURSE, P. J.—The appeal is from a judgment on an order sustaining a demurrer to the second amended complaint without leave to amend. The complaint was framed to plead two causes—one for dissolution of a partnership and for an accounting, the other for declaratory relief.

The pertinent allegations of the first cause of action are:

"I

"On or about the 2nd day of November, 1946, plaintiff and defendants entered into and formed a joint adventure under an agreement in writing for the purpose of operating a certain laundry known as the Splendid French Laundry, located in the City and County of San Francisco, State of California, and that the parties hereto operated said laundry and transacted the business of said joint adventure until the 27th day of August, 1947, when said business was dissolved by agreement of all of the parties hereto;

## "II

"At said time and thereupon by agreement between plaintiff and defendants, it was agreed between the parties hereto that plaintiff should continue the business of said Splendid French Laundry without liquidation of the affairs of said joint adventure and that the defendants would retire therefrom and assign and sell their rights therein to plaintiff for the sum of $43,362.22, said sum to be paid by a cash down payment of $13,362.22, and the balance of $31,000.00 to be paid at the rate of $600.00 per month from August 25, 1947, plus interest at six (6) per cent per annum; and further that plaintiff was to have the bills receivable to use the same for the purpose of paying off and discharging other debts of the said business and that plaintiff was to use the machinery, wares and merchandise belonging to said business, and from the profits thereof to pay, satisfy and discharge all debts of said joint adventure business as well as to pay the defendants the sum of $31,000.00 in the manner above stated;

## "III

"At defendants' request it was further agreed that plaintiff should execute a conditional sale contract covering all of the equipment of said joint adventure laundry business, as security for the payments to the defendants of the said sum of $31,000.00; that on August 25, 1947, this plaintiff executed an alleged conditional sales agreement covering all the equipment of said joint adventure laundry business in the sum of $31,000.00, a copy of said alleged conditional sale contract is attached hereto, made a part hereof, and marked 'Exhibit A.' "

The right of partners to a dissolution of the partnership by the express will of all the partners is recognized in section 2425(c) of the Civil Code. ■ The complaint alleges that such a dissolution took place on August 27, 1947, "by agreement of all of the parties hereto." The complaint does not attack the dissolution agreement on the ground of fraud, deceit, misrepresentation, or other equitable ground. It thus pleads an executed contract under which plaintiff received all the benefits accruing to him. He does not seek to rescind the contract and does not offer to put the parties *in status quo.*

He prays for an accounting of the dealings of the partnership "from the date of the dissolution," that a receiver be appointed to take possession of the partnership property, and for a distribution of the assets after payment of the liabilities.

But he does not allege that there were any transactions of the partnership after its dissolution, that there is any property in the partnership calling for a receiver, or that there are any partnership assets or liabilities. If there are any assets of the partnership or any debts outstanding he does not plead them. And it should be noted that his second amended complaint was filed more than two years after the dissolution.

■ In his second cause of action plaintiff seeks declaratory relief on the same facts pleaded in the first cause. He did not argue error as to this cause in his opening brief and respondent rightly assumed that the point was abandoned.

■ By stipulation and order of court, appellant was granted leave to file his closing brief on the day the cause was set for oral argument. But oral argument was waived. In his reply brief the appellant for the first time raised the question of his rights under the second cause of action. This is not the proper practice of raising points on appeal. The respondent is entitled to know what error is charged so that he may make answer.

However we are disposed to overlook it since the complaint is subject to amendment. ■ A complaint for declaratory relief does not need to plead facts showing plaintiff is entitled to relief. (*Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719 [146 P.2d 673, 151 A.L.R. 1062]. There the court said (p. 730): ''Section 1060 of the Code of Civil Procedure provides that a party may bring an action for 'a declaration of his rights and duties in the premises' and that the 'declaration may be either affirmative or negative in form and effect.' It contains no suggestion that the pleader must allege facts entitling him to a favorable declaration. (*Cf. Zimmer* v. *Gorelnik*, 42 Cal.App.2d 440, 448 [109 P.2d 34]; *Bank of America* v. *Gillett*, 36 Cal.App.2d 453, 455 [97 P.2d 875]; *In re San Joaquin L. & P. Corp.*, 52 Cal.App.2d 814, 825 [127 P.2d 29].)'' Thus a party may sue for a ''declaratory judgment'' as distinguished from declaratory ''relief'' though his pleading shows affirmatively that he is not entitled to any relief under the contract pleaded. ■ But he should plead more than that a controversy exists and that plaintiff disputes defendants' claims under the express terms of a written contract which is plain and unambiguous; something to show that the controversy is real and not merely illusory, or, as section 1060 of the Code of Civil Procedure states, a case ''of *actual controversy* relating to the legal rights and duties of the respective parties.'' (Emphasis ours.)

The judgment insofar as it relates to the first cause of action is affirmed. As to the second cause it is reversed with leave to amend.

The parties will bear their own costs.

Dooling, J., and Schottky, J. pro tem., concurred.