[Civ. No. 22435.    First Dist., Div. Three.    Feb. 18, 1966.]

EDWARD F. DICKEY, JR., as Administrator, etc., Cross-complainant and Appellant, v. PETER E. WILLIAMS et al., Cross-defendants and Respondents.

John R. Swendsen for Cross-complainant and Appellant.

Henry Gross for Cross-defendants and Respondents.

DRAPER, P. J.—Although this action began as one to foreclose a mechanic's lien, the issue before us concerns only the cross-complaint of the owner's administrator, here termed plaintiff, against the beneficiary of a second deed of trust.

Plaintiff's intestate owned land in San Francisco and in Sonoma. Each parcel was subject to a first deed of trust. The two first deeds of trust ran to separate beneficiaries and neither is shown to have secured purchase money. Defendant advanced $25,000 to decedent, and took a deed of trust jointly covering both the Sonoma and San Francisco properties. This deed did not secure payment of any part of the purchase price of either property. It was a second lien on the San Francisco property, and a third lien on the Sonoma parcel. In October 1962, the holder of the first deed of trust sold the Sonoma property under the power of sale in his deed

of trust. Defendant bought the property at the trustee's sale, paying $26,250 for it. Later, the holder of the first deed of trust on the San Francisco property sold that parcel under his power of sale. Defendant did not buy. The price exceeded the debt secured by the first lien, and this litigation thereafter concerned distribution of the excess. The court ordered payment of defendant's note, with the remainder distributed pro-rata among four mechanic's lien claimants whose total claims exceed the balance of the fund. Plaintiff appeals.

Plaintiff points to the statutes limiting or barring recovery of more than his security by a creditor holding a deed of trust or mortgage (Code Civ. Proc., §§ 725a, 726; 580a, 580b, 580d). But, for the reasons pointed out in two definitive decisions of our Supreme Court (*Roseleaf Corp.* v. *Chierighino,* 59 Cal.2d 35 [27 Cal.Rptr. 873, 378 P.2d 97]; *Brown* v. *Jensen,* 41 Cal.2d 193 [259 P.2d 425]), it is apparent that only section 580b could have any application here. ■ That section, however, is expressly limited to deficiency after sale under mortgage, deed of trust or contract "given to secure payment of the balance of the purchase price of the real property."

Defendant's deed of trust does not secure payment of any part of the purchase price of either the San Francisco or Sonoma property. Thus section 580b is, by its own terms, inapplicable.

■ Moreover, there was no exercise by defendant of his power of sale under the third deed of trust on the Sonoma parcel. Rather, his rights under it were cut off by the senior's exercise of his power of sale. Plaintiff's intestate suffered no greater detriment than if a complete stranger had purchased at the senior's sale, and defendant had no advantage unavailable to a stranger. He could not use the debt secured by his third encumbrance as a part of the purchase price. The fact that defendant bought the property for cash at a public sale in no way distinguishes him from the sold out junior lienholder in *Roseleaf.*

Judgment affirmed.

Salsman, J., and Devine, J., concurred.

A petition for a rehearing was denied March 18, 1966.