[No. G001077. Fourth Dist., Div. Three. Dec. 31, 1985.]

WALTER E. HELLER WESTERN, INC., Plaintiff and Respondent, v.
ROGER W. BLOXHAM, Defendant and Appellant.

COUNSEL

William M. Crosby, Deborah Pernice-Knefel and Roger W. Bloxham, in pro. per., for Defendant and Appellant.

Saltzburg, Ray & Bergman, Jeffrey E. Wulkan and Robert S. Harrison for Plaintiff and Respondent.

OPINION

**WALLIN, J.**—Roger W. Bloxham appeals a deficiency judgment in favor of Walter E. Heller Western, Inc., a junior lienor, following Heller's acquisition of Bloxham's real property at the senior lienor's nonjudicial foreclosure sale. Bloxham contends Heller's deficiency judgment should be barred by Code of Civil Procedure section 580d or limited by section 580a.

Walter E. Heller Western, Inc. (Heller) made a series of loans to Roger W. Bloxham which were consolidated into a promissory note for $288,000 and secured by trust deeds on lots owned by Bloxham. These trust deeds were later subordinated to a $75,000 first mortgage to Newport Equity Fund Trust 291. Bloxham defaulted on both obligations, and Newport Equity's trustee foreclosed through a nonjudicial sale. At that sale, the property was purchased by Heller's attorneys with funds supplied by Heller for a price allegedly well below its fair market value.[1] Although the deed was origi-

---

[1] We can assume the successful bid was approximately the amount of the first lien, since Heller brought an action for the full amount of its note. The record contains no evidence of fair market value.

nally in the name of the law firm, the property was subsequently conveyed to Heller.[2]

Heller then brought a deficiency action against Bloxham for the full value of the $288,000 promissory note plus interest. The court granted judgment for Heller, finding 1) Heller's title as junior lienor did not merge with the title acquired by its agents at the sale, and 2) as a foreclosed out junior lienor, Heller was entitled to a deficiency judgment as a matter of law. Bloxham appeals, contending a result that leaves Heller with a full deficiency judgment and nonredeemable possession of his security violates the intent of the antideficiency statutes and is unfair. He argues Heller's deficiency judgment should be either barred altogether by Code of Civil Procedure section 580d or limited by section 580a.[3] We agree with his latter contention and hold a deficiency judgment sought by a junior lienor who purchases at the senior lienor's nonjudicial sale is subject to the fair value limitations of section 580a.

I

Section 580a, enacted in 1933, limits the amount of a deficiency judgment after the real property security has been sold at a nonjudicial sale to the lesser of 1) the excess of the indebtedness over the fair market value of the property or 2) the excess of the indebtedness over the sale price.[4]

---

[2]Heller does not seriously contend the purchase by its attorneys with its funds should be treated differently than if Heller itself had bid at the sale. The attorneys' purchase as Heller's agent created a resulting trust with the beneficial interest in Heller. (*Kinert* v. *Wright* (1947) 81 Cal.App.2d 919, 926 [185 P.2d 364]. 7 Witkin, Summary of Cal. Law (8th ed. 1974) Trusts, § 137, p. 5493.)

[3]All statutory references are to the Code of Civil Procedure.

[4]Section 580a provides: "Whenever a money judgment is sought for the balance due upon an obligation for the payment of which a deed of trust or mortgage with power of sale upon real property or any interest therein was given as security, following the exercise of the power of sale in such deed of trust or mortgage, the plaintiff shall set forth in his complaint the entire amount of the indebtedness which was secured by said deed of trust or mortgage at the time of sale, the amount for which such real property or interest therein was sold and the fair market value thereof at the date of sale and the date of such sale. Upon the application of either party made at least 10 days before the time of trial the court shall, and upon its own motion the court at any time may, appoint one of the probate tax referees provided for by law to appraise the property or the interest therein sold as of the time of sale. Such referee shall file his appraisal with the clerk and the same shall be admissible in evidence. Such referee shall take and subscribe an oath to be attached to the appraisal that he has truly, honestly and impartially appraised the property to the best of his knowledge and ability. Any referee so appointed may be called and examined as a witness by any party or by the court itself. The court must fix the compensation of such referee in an amount as determined by the court to be reasonable, but such fees shall not exceed similar fees for similar services in the community where such services are rendered, which may be taxed and allowed in like manner as other costs. Before rendering any judgment the court shall find the fair market value of the real property, or interest therein sold, at the time of sale.

Enacted at a time when the Depression had depleted cash and credit (Cal. Mortgage and Deed of Trust Practice (Cont.Ed.Bar 1979) § 4.16, pp. 152-153), the statute was "designed to prevent creditors from buying in at their own sales at deflated prices and realizing double recoveries by holding debtors for large deficiencies." (*Roseleaf Corp.* v. *Chierighino* (1963) 59 Cal.2d 35, 40 [27 Cal.Rptr. 873, 378 P.2d 97].)

■ Section 580d, enacted in 1939, prohibits any deficiency judgment when a creditor elects to foreclose on its real property security by nonjudicial sale.[5] ■ Deficiency judgments are not prohibited after judicial foreclosures, but the debtor retains a statutory right of redemption for one year. (§§ 725a, 729.030.) ■ The purpose of section 580d is "to put judicial enforcement on a parity with private enforcement. . . . If the creditor wishes a deficiency judgment, his sale is subject to statutory redemption rights. If he wishes a sale resulting in nonredeemable title, he must forego the right to a deficiency judgment." (*Roseleaf Corp.* v. *Chierighino, supra,* 59 Cal.2d at pp. 43-44.)

■ In *Roseleaf,* the California Supreme Court held the purpose of sections 580a and 580d did not extend to sold-out junior lienors. In that case, Roseleaf held second trust deeds on several parcels of real property owned by Chierighino. The holder of the first trust deeds on these parcels foreclosed under a power of sale, rendering Roseleaf's second trust deeds valueless. The court affirmed a deficiency judgment for Roseleaf in the full amount unpaid on the notes.

In holding the deficiency action was not limited by the fair value provisions of section 580a, the Supreme Court stated: "The position of a junior lienor whose security is lost through a senior sale is different from that of a selling senior lienor. A selling senior can make certain that the security

---

The court may render judgment for not more than the amount by which the entire amount of the indebtedness due at the time of sale exceeded the fair market value of the real property or interest therein sold at the time of sale with interest thereon from the date of the sale; provided, however, that in no event shall the amount of said judgment, exclusive of interest after the date of sale, exceed the difference between the amount for which the property was sold and the entire amount of the indebtedness secured by said deed of trust or mortgage. Any such action must be brought within three months of the time of sale under such deed of trust or mortgage. No judgment shall be rendered in any such action until the real property or interest therein has first been sold pursuant to the terms of such deed of trust or mortgage, unless such real property or interest therein has become valueless."

[5]Section 580d provides: "No judgment shall be rendered for any deficiency upon a note secured by a deed of trust or mortgage upon real property hereafter executed in any case in which the real property has been sold by the mortgagee or trustee under power of sale contained in such mortgage or deed of trust. . . ." Although section 580d appears to preempt section 580a, the Legislature has never repealed 580a. "[I]ts continued existence on the statute books raises the question whether it is intended to have a significance independent of § 580d." (Cal. Mortgage and Deed of Trust Practice (Cont.Ed.Bar 1979) § 4.18, p. 153.)

brings an amount equal to his claim against the debtor or the fair market value, whichever is less, simply by bidding in for that amount. He need not invest any additional funds. The junior lienor, however, is in no better position to protect himself than is the debtor. Either would have to invest additional funds to redeem or buy in at the sale." (*Roseleaf Corp.* v. *Chierighino, supra,* 59 Cal.2d at p. 41.)

■ The court further held the deficiency judgment was not barred by section 580d, stating: "The purpose of achieving a parity of remedies would not be served by applying section 580d against a nonselling junior lienor. . . . He may redeem from a senior judicial sale (Code Civ. Proc., § 701), or he may obtain a deficiency judgment. [Citations.] After a senior private sale, the junior has no right to redeem. This disparity of rights would be aggravated were he also denied a right to a deficiency judgment by section 580d . . . . The junior's right to recover should not be controlled by the whim of the senior . . . ." (*Id.,* at p. 44.)

■ In *Bank of Hemet* v. *United States* (9th Cir. 1981) 643 F.2d 661, the Ninth Circuit reviewed California's antideficiency legislation and concluded a junior lienor who purchases at the senior's sale is limited by the fair value provisions of section 580a when he seeks a deficiency judgment. (*Id.,* at p. 668.) The bank was the holder of a nonpurchase money second trust deed on a residence to secure a loan of $47,854.42, and a third party held the first trust deed to secure a loan of $33,134.64. The United States government held tax liens junior to the bank. The bank bought the property at the senior's private sale for an amount $2 more than the first lien. The government sought to exercise its statutory right to redeem the property from the bank and tendered what the bank contended was an inadequate amount. The Ninth Circuit determined the redemption price was dependent upon the entitlement of the bank to a deficiency judgment and thus analyzed section 580a and *Roseleaf.*

"This case is . . . distinguishable from *Roseleaf* in that here the junior lienholder did bid on and purchase the property . . . . In brief, the Bank was not a sold-out junior lienholder as was the case in *Roseleaf.* [¶] The crucial issue is whether this difference requires that section 580a be applied to the Bank. We hold that it does. . . . Not to apply section 580a to the Bank under facts of this case would create the distinct possibility of an excess recovery . . . ." (*Bank of Hemet* v. *United States, supra,* 643 F.2d at p. 669.)

The court went on to hold that when a junior lienholder chooses to purchase at the senior's sale, " 'the entire amount of the indebtedness due at the time of sale' [used to measure the deficiency judgment] must include

both senior and junior lienholders' debt . . . . Only to the extent the combined debts exceed the fair market value of the property should a deficiency judgment be permitted. In addition, in no event should the deficiency judgment exceed the amount by which the combined debts are greater than the amount for which the property was sold." (*Bank of Hemet* v. *United States, supra,* 643 F.2d at p. 669.)

## II

■ After reviewing the relevant statutes and case law, we first conclude a junior lienor purchasing at the senior's sale is not barred from a deficiency judgment by section 580d. As stated in *Roseleaf,* the purpose of that section is to create a parity of remedies available to the foreclosing beneficiary: judicial sale with the right to a deficiency judgment accompanied by the debtor's right of redemption, or private sale resulting in nonredeemable title with no right to a deficiency. (*Roseleaf Corp.* v. *Chierighino, supra,* 59 Cal.2d at pp. 43-44.) Although the purchasing junior ends up with nonredeemable title, he is not the one who elected the private sale and had no opportunity to evaluate the desirability of that remedy in light of his situation. It would be unfair to eliminate the purchasing junior's right to a deficiency based on a choice made by the senior lienholder.

■ We next hold the fair value provisions of section 580a apply to limit the amount of the deficiency judgment recoverable by the purchasing junior. The amount is limited to the lesser of the excess of the combined debts of the senior and junior lienholders over 1) the fair market value of the property or 2) the selling price at the foreclosure sale.

The court in *Bank of Hemet* correctly perceived a real distinction between a sold-out junior and one who purchases at the senior's sale, a distinction that was not before our Supreme Court in *Roseleaf.* (See Benjamin, *California Fair Value Limitations Applied to Non-Foreclosing Junior Lienholder* (1982) 12 Golden Gate L.Rev. 317.)[6] The junior in *Roseleaf* did not purchase at the senior's sale. To apply the fair value limitations to that junior would result in the amount of his deficiency being limited by the amount of someone else's bid, a factor over which he has no control. However, once a junior chooses to purchase, it is equitable to apply the fair value limita-

---

[6]Neither was this precise distinction before the appellate panels in *Investcal Realty Corp.* v. *Edgar H. Mueller Constr. Co.* (1966) 247 Cal.App.2d 190 [55 Cal.Rptr. 475] and *Dickey* v. *Williams* (1966) 240 Cal.App.2d 270 [49 Cal.Rptr. 529], cited by Heller in support of its contention that section 580a does not apply to a purchasing junior. Each of these cases involved a junior lienholder who held two parcels of real property as security, purchased the first parcel at the senior's sale, and was allowed to satisfy his debt from the remaining security.

tions to him. Any loss to him as creditor by his own underbidding is gained by him as purchaser for a bargain price. (Cal. Mortgage and Deed of Trust Practice (Cont.Ed.Bar Supp. 1985) § 4.31, p. 35.) "To so limit the deficiency judgment right is consistent with the general purpose of section 580a, *viz.*, to protect against a lienor buying in the property at a deflated price, obtaining a deficiency judgment, and achieving a recovery in excess of the debt by reselling the property at a profit. . . . [¶] . . . . The unmistakable policy of California is to prevent excess recoveries by secured creditors." (*Bank of Hemet* v. *United States, supra,* 643 F.2d at p. 669.)

## III

Heller contends since Bloxham presented no evidence of the property's fair market value at trial, he cannot on appeal request a credit based on that amount. However, the rule precluding a party from raising new points on appeal "does not apply when the facts are undisputed and the party merely raises a new question of law." (*Jimenez* v. *City of Oxnard* (1982) 134 Cal.App.3d 856, 859 [184 Cal.Rptr. 864].) Such is the case here.

The judgment for Heller is reversed. The matter is remanded to the trial court for a determination of the fair market value of the property and the correct amount of the deficiency under section 580a. Bloxham is awarded his costs on appeal.

Trotter, P. J., and Sonenshine, J., concurred.

A petition for a rehearing was denied January 24, 1986.