167 P.3d 555 (2007)
BEAL BANK, SSB, a Texas State Savings Bank, Appellant,
v.
Steven and Kay SARICH, and the marital community comprised thereof; Joe Cashman and Jane Doe Cashman, and the marital community comprised thereof; Washington Mutual Bank; U.S. Bank National Association # 1000; and One Eleven Homeowners Association, Respondents.
No. 79875-3.
Supreme Court of Washington, En Banc.
Argued May 22, 2007.
Decided September 13, 2007.
Charles Matthew Andersen, Nancy Dykes Isserlis, Winston & Cashatt PS, Spokane, WA, Robert A. Ackermann, Plano, TX, for Appellant.
Janet D. McEachern, Spencer Hall, Hall Zanzig Zulauf Claflin McEachern PLL, Gayle Edward Bush, Katriana Louise Samiljan, Bush Strout & Kornfeld, Thomas Cline, Attorney at Law, Seattle, WA, for Respondents.
William Kennedy Rasmussen, Peter J. Mucklestone, David William Thorne, Davis Wright Tremaine LLP, Seattle, WA, for Amicus Curiae on behalf of Washington Bankers Association, Amicus Curiae on behalf of Washington Mortgage Lenders Association, Amicus Curiae on behalf of Washington Financial League, Amicus Curiae on behalf of Washington Independent Community Bankers Association, Amicus Curiae on behalf of Washington Credit Union League.
C. JOHNSON, J.
¶ 1 This case asks us to determine whether the nonjudicial foreclosure of a senior lienholder's deed of trust under the deeds of trust act, chapter 61.24 RCW, precludes an action on the promissory note by a nonforeclosing holder of a junior deed of trust to recover on a debt previously secured by a junior deed of trust on the same property. The trial judge ruled in the affirmative based on Washington Mutual Savings Bank v. United States, 115 Wash.2d 52, 793 P.2d 969, *556 800 P.2d 1124 (1990), and granted summary judgment for the debtors Steven and Kay Sarich. We granted Beal Bank's motion to transfer its appeal from the Court of Appeals. We reverse the trial judge's grant of summary judgment and hold, under Washington law, that the "foreclosure" of a senior deed of trust does not extinguish the debt/obligation of any junior lienholder or otherwise preclude an action to recover that debt.

FACTUAL AND PROCEDURAL HISTORY
¶ 2 Steven and Kay Sarich signed three deeds of trust using the same property for security. The property is a condominium located in Seattle. The Sariches signed a first deed of trust on the condominium to Washington Mutual Bank, which was recorded on July 29, 2001. On September 26, 2001, the Sariches signed a second deed of trust using the condominium for security after they signed and delivered to U.S. Bank a commercial promissory note in the amount of $344,600.79. On September 24, 2002, the Sariches granted a third deed of trust on the same condominium after Mr. Sarich and Joe Cashman executed and delivered to U.S. Bank their continuation of a commercial promissory note in the amount of $420,000.00.
¶ 3 On September 24, 2003, U.S. Bank assigned both commercial promissory notes, as well as assigning the second and third deeds of trust, to Beal Bank. Beal Bank is now the holder of both notes, which remain due and owing. (The Sariches defaulted on paying all of the notes/obligations against the property).
¶ 4 On April 25, 2005, Beal Bank filed a complaint for default on the promissory notes and to judicially foreclose on the deeds of trust in King County Superior Court. Beal Bank amended its complaint to exclude the request for foreclosure and sought relief to collect as an unsecured party upon the promissory notes through the personal assets of the Sariches and Mr. Cashman.
¶ 5 On July 25, 2005, the trustee for Washington Mutual's first deed of trust sent a notice of default of the Washington Mutual debt, which at that date was $1,581,303.29. Washington Mutual then proceeded under chapter 61.24 RCW to nonjudicially foreclose on its first deed of trust. The property sold at the trustee's sale on January 6, 2006, for the sum of $1,648, 630.00. Beal Bank did not participate as a bidder in the trustee's sale.
¶ 6 Beal Bank filed a motion for summary judgment on April 26, 2006, seeking judgment against the Sariches and Mr. Cashman on the promissory notes. In response, the Sariches asserted that their obligation to pay the promissory notes was extinguished as soon as Washington Mutual nonjudicially foreclosed its senior lien. Mr. Cashman responded with the same argument. The trial judge denied Beal Bank's summary judgment motion.
¶ 7 On August 11, 2006, the Sariches filed a motion for summary judgment seeking dismissal of Beal Bank's amended complaint based on the effect of the nonjudicial foreclosure of Washington Mutual. Mr. Cashman joined the motion by argument held on September 8, 2006. The trial judge granted the Sariches' summary judgment motion and dismissed all claims by Beal Bank against the Sariches and Mr. Cashman.
¶ 8 Beal Bank timely filed its notice of appeal on October 6, 2006. On March 23, 2007, we granted Beal Bank's motion to transfer its appeal from the Court of Appeals.

ISSUE
¶ 9 Whether the nonjudicial foreclosure of a senior lienholder's deed of trust under the deeds of trust act, chapter 61.24 RCW, precludes an action by a nonforeclosing holder of a junior deed of trust to recover on a debt secured by a junior deed of trust on the same property.

ANALYSIS

Standard of Review
¶ 10 We review issues of statutory interpretation de novo. Cerrillo v. Esparza, 158 Wash.2d 194, 199, 142 P.3d 155 (2006). We also review summary judgment orders de novo and perform the same inquiry as the *557 trial court. Owen v. Burlington N. Santa Fe R.R., 153 Wash.2d 780, 787, 108 P.3d 1220 (2005); Hisle v. Todd Pac. Shipyards Corp., 151 Wash.2d 853, 860, 93 P.3d 108 (2004).

Deeds of Trust Act and Washington Case Law
¶ 11 Chapter 61.24 RCW governs Washington's use of deeds of trust. The relevant statute, RCW 61.24.100(1), provides:
Except to the extent permitted in this section for deeds of trust securing commercial loans, a deficiency judgment shall not be obtained on the obligations secured by a deed of trust against any borrower, grantor, or guarantor after a trustee's sale under that deed of trust.
(Emphasis added.)
¶ 12 The Sariches argue that the trial judge correctly dismissed Beal Bank's claims, relying on our decision in Washington Mutual, 115 Wash.2d 52, 793 P.2d 969. Specifically, the Sariches contend that Washington Mutual stands for the proposition that a "nonjudicial foreclosure eliminates the ability of any lienholder, including non-foreclosing junior lienholders, to sue the debtor for a deficiency." Br. of Resp't at 10.
¶ 13 Conversely, Beal Bank argues the trial judge erred by reasoning a nonjudicial foreclosure sale bars an action to recover any debt that was secured against the property whether or not the creditor purchased the collateral at the trustee's sale. Beal Bank asks us to rule that a nonjudicial foreclosure does not extinguish a junior nonforeclosing party's right to sue on the independent obligation of the debtors.
¶ 14 We turn to the plain language of the relevant portion of RCW 61.24. 100 and find the right of nonforeclosing junior lienholders and creditors is simply not implicated. To accept the Sariches' argument would render a result whereby all liens attached to security would be automatically extinguished upon foreclosure. We find nothing in the statutory scheme supporting this conclusion. While foreclosure eliminates the security of a junior lienholder, the debts and obligations owed to that nonforeclosing junior lienholder are not affected by foreclosure under the statutes.
¶ 15 Further, both the trial judge and the Sariches have misinterpreted our decision in Washington Mutual. In Washington Mutual, we decided a question certified to us by the Ninth Circuit Court of Appeals to enable the Ninth Circuit to interpret a federal regulation relating to the redemption rights of the Internal Revenue Service (IRS). The question certified by the federal court was: "In Washington, may a nonforeclosing junior lienor who purchases property at a nonjudicial foreclosure sale sue for a deficiency under Washington law, and, if so, what is the manner of computing the deficiency?" Wash. Mut., 115 Wash.2d at 55, 793 P.2d 969.
¶ 16 While the certified question in Washington Mutual suggested the court was deciding the rights of a purchasing junior lienholder, the underlying issue centered on the rights of the IRS to "redeem" the property foreclosed on, pursuant to an act of Congress. Under 28 U.S.C. § 2410 and 26 U.S.C. § 7425, the IRS is granted certain rights to a debtor's property in a foreclosure action. Our statute dealing with nonjudicial foreclosures contains no similar right to redeem. Further, the ultimate determination in Washington Mutual centered on how much the IRS was required to pay to redeem the property. The IRS argued that the amount bid at foreclosure was the correct amount. Washington Mutual argued, in the alternative, that the IRS was required to pay either the fair market value or the combined debt against the property, which included the foreclosure sale price plus the amount due on the unpaid junior lienholder debt.
¶ 17 Applying redemption principles, we held that to redeem the property the IRS was required to pay the combined total of both notes against the property. Hence, Washington Mutual does not stand for the principle that a junior note is extinguished; Washington Mutual supports the opposite conclusion that the obligation owed to a junior lienholder continues after a trustee's sale.
¶ 18 In Justice Guy's concurrence to Washington Mutual, this was made clear that where a junior deed of trust holder does not foreclose, that junior deed of trust holder is not precluded from suing under the note. Wash. Mut., 115 Wash.2d at 60, 793 P.2d 969. *558 Later, in clarifying the opinion, we narrowed our holding by adding: "We do not herein address the matter of a junior deed of trust holder's continued right to sue the debtor on the promissory note because it is not before us." Wash. Mut., 115 Wash.2d at 59, 793 P.2d 969. Hence, the Washington Mutual case has no bearing on the present case and expressly did not address the issue before us now.
¶ 19 Here, Beal Bank is not a purchaser of the property at a nonjudicial foreclosure sale but seeks to enforce its rights under the separate promissory notes. Because Washington Mutual, as the senior lienholder, elected to pursue its rights to a nonjudicial foreclosure, Washington Mutual's action does not preclude a junior lienholder (here, Beal Bank) from seeking its legal recourse. Put another way, while Beal Bank's rights in the collateral are extinguished by Washington Mutual's trustee's sale, the underlying promise by the Sariches and Mr. Cashman to pay Beal Bank on the two notes continues via the promissory notes, although the promissory notes are now unsecured as a result of that trustee's sale.
¶ 20 Accordingly, we reverse the trial judge's grant of summary judgment to the Sariches and hold the nonjudicial foreclosure of a senior lienholder's deed of trust under RCW 61.24.100(1) of the deeds of trust act does not preclude an action by a nonforeclosing holder of a junior deed of trust to recover on a debt secured by a junior deed of trust on the same property.

ATTORNEY FEES
¶ 21 One of the promissory notes provides for award of attorney fees and costs to the prevailing party. Because we reverse the trial judge's grant of summary judgment, we reverse the trial judge's award of attorney fees and costs to the Sariches and Mr. Cashman and we remand the matter to the trial court for further proceedings consistent with this opinion.
WE CONCUR: Chief Justice GERRY L. ALEXANDER, TOM CHAMBERS, SUSAN OWENS, BARBARA A. MADSEN, MARY E. FAIRHURST, JAMES M. JOHNSON, BOBBE J. BRIDGE, Justices.
SANDERS, J. (concurring).
¶ 22 I fully concur in the majority's well-reasoned opinion. I write separately, however, to note my dissatisfaction with our holding and analysis in Washington Mutual.[1] But today's facts do not give us a chance to explicitly overrule it. There we held a nonforeclosing junior lienor could not seek a deficiency judgment. This holding was contrary to the plain meaning of Washington's deeds of trust act, chapter 61.24 RCW, as well as our prior case law. More importantly, it frustrates the goals of the deeds of trust act and might dissuade would-be lenders from financing home loans by unnecessarily prohibiting the lenders from seeking a deficiency judgment.
¶ 23 Washington's deeds of trust act created a nonjudicial foreclosure option as an alternative to the traditional (and at times cumbersome) judicial mortgage foreclosure. John D. Sullivan, Note, Rights of Washington Junior Lienors in Nonjudicial Foreclosure, 67 WASH. L.REV. 235, 236 (1992). When a foreclosing lender opts for the nonjudicial option, then the act's antideficiency provision limits his recovery to the foreclosure sale price. RCW 61.24.100. Washington Mutual though did not involve a foreclosing lienor, but a nonforeclosing junior lienor.[2] *559 The United States Court of Appeals for the Ninth Circuit certified a question to our court: whether Washington law allows a nonforeclosing junior lienor that purchases property at a nonjudicial foreclosure sale to recover a deficiency. Wash. Mut., 115 Wash.2d at 54, 793 P.2d 969.
¶ 24 Inexplicably, we held the antideficiency provision of the deeds of trust act also applied to nonforeclosing junior lienors. But there was no statutory authority to extend the antideficiency provision beyond the foreclosing lienor. Specifically, RCW 61.24.100(1) provides, in part, "a deficiency judgment shall not be obtained on the obligations secured by a deed of trust against any borrower, grantor, or guarantor after a trustee's sale under that deed of trust." The language "under that deed of trust," id. (emphasis added), refers specifically to Yakima Federal's deed of trust as it was the foreclosing lienor. Any other deed not foreclosed by the sale is not "under [Yakima's] deed of trust" and thus is immune to the antideficiency provision. Unless ambiguity appears, we apply a statute's plain meaning. State v. Wilson, 125 Wash.2d 212, 217, 883 P.2d 320 (1994). There is nothing ambiguous about RCW 61.24.100. Only Yakima Federal was precluded from seeking a deficiency judgment since it was the lienor foreclosing on its obligation while Washington Mutual was no more precluded from seeking a deficiency judgment than the IRS.
¶ 25 If a foreclosure sale satisfies the entire debt, there is no deficiency. However when this is not the case, a lender may sue for a deficiency. But in the case of a nonjudicial foreclosure sale, the antideficiency provision prevents the foreclosing lienor from seeking a deficiency judgment. This helps ensure the foreclosing lienor will set the highest value for the property, or at least cover its liability. But the nonforeclosing junior lienor has no control over setting the price. Preventing the junior lienor from seeking a deficiency thus contradicts the goals of the deeds of trust act by preventing lienors from fully realizing on the obligation.
¶ 26 Similarly, our reasoning in Washington Mutual contradicts our prior case law. In Fluke Capital, we said a lienor's deficiency options are limited only because it specifically chooses the option of a nonjudicial foreclosure sale. Fluke Capital & Mgmt. Servs. Co. v. Richmond, 106 Wash.2d 614, 624, 724 P.2d 356 (1986) ("The remedies of a creditor who chooses nonjudicial procedures are limited to foreclosure alone. . . .") (emphasis added). Likewise, in Donovick, we upheld Seattle-First National Bank's right to foreclose on a second deed of trust. Donovick v. Seattle-First Nat'l Bank, 111 Wash.2d 413, 416, 757 P.2d 1378 (1988). We said Seattle-First's foreclosure on a first deed of trust was irrelevant to the status of the second. Any other result would "give an unjustified, unwarranted windfall to the debtor-a windfall completely without merit in logic or equity in principle." Donovick, 111 Wash.2d at 416, 757 P.2d 1378.[3]
¶ 27 Although certain benefits inure to a lender's choice of a nonjudicial foreclosure sale, it nonetheless represents a compromise by limiting that lender's recovery to the sale itself. But Washington Mutual never had the opportunity to make such a choice  Yakima Federal made it for them. Washington Mutual was then forced to purchase the property to protect its interests. It is unfair to make a junior lienor suffer the choice of a more senior lienor with any antecedent benefits running unjustly to the debtor.
*560 ¶ 28 Washington Mutual places junior lienors in the untenable position of losing their security as well as the underlying obligation. This potentially prevents a junior lienor from fully recovering its debt, increases the lender's risk, and therefore can have a chilling effect on lender financing. Nothing in the deeds of trust act compels such an unsatisfactory result, nor should we create such a result by judicial fiat. Therefore, I would look critically at Washington Mutual until we have an opportunity to explicitly overrule it.
¶ 29 I concur.
NOTES
[1] Wash. Mut. Sav. Bank v. United States, 115 Wash.2d 52, 793 P.2d 969 (1990).
[2] Washington Mutual's facts are peculiar. Robert and Christine Shell owned a parcel of real property with a fair market value of $64,000. They had two mortgages. Yakima Federal Savings & Loan held a first deed of trust on the property to secure a $41,000 debt. Washington Mutual Savings Bank held a second deed of trust to secure a $29,800 debt. Finally, the Internal Revenue Service (IRS) filed a third priority tax lien for $150,000. Wash. Mut., 115 Wash.2d at 54-55, 793 P.2d 969. After the Shells defaulted on both loans, Yakima Federal began nonjudicial foreclosure proceedings. Washington Mutual, in an attempt to protect its interests, purchased the property for the amount then owed to Yakima Federal  $42,020.63. Under the Internal Revenue Code, the IRS sought to redeem the property from Washington Mutual. Id. at 54-55, 793 P.2d 969. The code explicitly allowed the IRS to redeem real property subject to federal tax liens from purchasers at nonjudicial foreclosure sales. The code states the redemption price is the actual price paid at the foreclosure sale and includes that amount of the purchaser's secured obligation satisfied by the sale. Id. at 56, 793 P.2d 969 (citing 28 U.S.C. § 2410(d)). Therefore, the issue before us was how much of Washington Mutual's obligation the foreclosure sale satisfied. In other words, the IRS had to pay the purchase price plus any amount for which Washington Mutual could not obtain a deficiency judgment against the Shells.
[3] Similarly, other courts that have addressed this same issue held contrary to our decision in Washington Mutual. In Walter E. Heller Western, Inc. v. Bloxham, 176 Cal.App.3d 266, 221 Cal. Rptr. 425 (1985), the California Court of Appeals held a junior lienor has a right to recover a deficiency when the junior lienor purchases at a senior lienor's nonjudicial foreclosure sale. The Alaska Supreme Court agreed and held junior lienors who purchase at a nonjudicial foreclosure sale may recover a deficiency judgment. Adams v. FedAlaska Fed. Credit Union, 757 P.2d 1040 (Alaska 1988).