Filed 1/6/15  Zulli v. Mortgage Electronic Registration Systems CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| BRIAN ZULLI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., et al.,<br><br>    Defendants and Respondents. | 2d Civil No. B252227<br>(Super. Ct. No. 56-2010-00383828-CU-OR-SIM)<br>(Ventura County) |
| BRIAN ZULLI,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>SAND CANYON CORPORATION,<br><br>    Defendant and Respondent. | 2d Civil No. B253427 |

Brian Zulli appeals from the trial court's orders enforcing his settlement agreement and dismissing respondents Mortgage Electronic Registration Systems, Inc. (MERS), Litton Loan Servicing LP (Litton), Wells Fargo Bank, N.A., as trustee for Citigroup Mortgage Loan Trust, Inc., asset-backed pass-through certificates, series 2006-SHL1 (Wells Fargo), and Sand Canyon Corporation, formerly known as Option One

Mortgage Corporation (Sand Canyon).[1] Zulli also claims the trial judge was peremptorily disqualified from hearing the case. (Code Civ. Proc., § 170.6.) We affirm.

FACTS AND PROCEDURAL HISTORY

We have previously set forth the facts of this ongoing dispute between the parties and do so only briefly here.[2] Appellant sued respondents and other defendants over the nonjudicial foreclosure on his now-deceased mother's residence.[3] The trial court dismissed the action after sustaining a demurrer without leave to amend, and we dismissed appellant's appeals as untimely. Appellant then filed the instant suits. The trial court dismissed MERS from the action after sustaining its demurrer to the first amended complaint, and we affirmed. (*Zulli v. Mortgage Electronic Registration Systems, Inc.*, *supra*.) The trial court subsequently dismissed Wells Fargo and Litton from the action after sustaining their demurrer to the third amended complaint without leave to amend, and we affirmed. (*Zulli v. Litton Loan Servicing LP*, *supra*.)

Appellant then filed a third case against respondents involving the nonjudicial foreclosure. In addition, he attempted to add respondents back into the instant case as unnamed "Doe" defendants. Meanwhile, the subject property was sold at a foreclosure sale. When appellant failed to vacate the premises, Wells Fargo filed an unlawful detainer case against him and obtained a writ of possession. Wells Fargo contacted the Ventura County Sheriff and scheduled a lockout at the property on April 12, 2013.

On April 11, 2013, appellant and respondents MERS, Litton, and Wells Fargo executed a settlement agreement. Respondents agreed to allow appellant to remain on the property for five additional days. In exchange, appellant agreed to release all his

---

[1] On our own motion, we consolidated the two appeals for purposes of decision only.

[2] (See *Zulli v. Litton Loan Servicing LP* (June 3, 2013, B242310) 2013 WL 2393141 [nonpub. opn.]; *Zulli v. Mortgage Electronic Registration Systems, Inc.* (Feb. 5, 2013, B237041) 2013 WL 428625 [nonpub. opn.].)

[3] Appellant's mother was the original plaintiff. Following her death, appellant continued the action as her personal representative and successor in interest.

2

claims against respondents and related entities, dismiss all pending lawsuits against them within 10 days, and vacate the property and turn over possession by April 17, 2013. He failed to do any of these things. Instead, on April 17, 2013, appellant mailed a purported rescission of the settlement agreement to respondents.

Respondents MERS, Litton, and Wells Fargo moved to enforce the settlement agreement to have the cases dismissed. Sand Canyon joined in the motion on the ground that, as a servicer on the loan, it was an entity covered by the settlement agreement. On October 28, 2013, the trial court rejected appellant's peremptory challenge to the judge (Code Civ. Proc., § 170.6) as untimely and granted the relief requested by respondents. Appellant appeals.

## DISCUSSION

We review an order enforcing a settlement agreement de novo. (*Weinstein v. Rocha* (2012) 208 Cal.App.4th 92, 96.) The trial court's factual findings are subject to limited review and will not be set aside if supported by substantial evidence. (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1253.) We review a ruling on a litigant's peremptory challenge to the judge de novo to the extent it is based on undisputed facts. (*Orion Communications, Inc. v. Superior Court* (2014) 226 Cal.App.4th 152, 162.)

Code of Civil Procedure section 170.6 provides a mechanism, usually referred to as a "peremptory challenge," by which a litigant may disqualify a judge from hearing the case by filing a motion supported by an affidavit or declaration that "the judge is prejudiced against the party or attorney 'so that the party or attorney cannot or believes that he or she cannot have a fair and impartial trial' before the judge." (*Home Ins. Co. v. Superior Court* (2005) 34 Cal.4th 1025, 1032.) An important limitation on a litigant's right to exercise a peremptory challenge is that "no party or attorney shall be permitted to make more than one such motion in any one action." (Code Civ. Proc., § 170.6, subd. (a)(4).)

Appellant's first peremptory challenge, against Judge Worley, was successful. When Judge Lane was assigned to the case, appellant filed an improper

3

second peremptory challenge against her, which was denied. At issue here, Judge Mink replaced Judge Lane prior to the hearing on respondents' motion to enforce the settlement agreement. Appellant moved to disqualify him under Code of Civil Procedure section 170.6. Because this was appellant's third such motion, Judge Mink denied it as required by law. There was no error.

Regarding respondents' motion to enforce the settlement agreement, appellant contends that the trial court was biased and prejudiced against him because it found he had "no credibility." Although appellant fails to provide a transcript of the proceeding, we assume for the sake of argument that the court made such a finding. It is supported by substantial evidence in the record.

"In ruling on a motion to enforce settlement, [the court] necessarily has the power to resolve factual disputes relating to the agreement." (*Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1357.) Credibility is a factual determination that is made by the trial court rather than on appeal. (*Greenwich S.F., LLC v. Wong* (2010) 190 Cal.App.4th 739, 759.) Appellant argues that he was entitled to rescission because he signed the settlement agreement under duress.[4] But appellant waited until he had received the full benefit of the settlement agreement—he was allowed to remain in the foreclosed property for an additional five days—and then attempted to shirk his obligations under the agreement by purporting to rescind it. The trial court was entitled to consider this behavior in finding appellant not credible. (See *Hilberg v. Superior Court* (1989) 215 Cal.App.3d 539, 543.) In any event, a party's threat to use legal process in a good faith effort to enforce its rights is not duress, no matter how strong the counterparty's desire to avoid the likely outcome

---

[4] Appellant argued that he "had no choice but to sign" the agreement because if the lockout proceeded as scheduled he would have been forced to abandon his mother's furniture, thus "losing [his] mother again and also betraying her."

4

of that process.  (*In re Marriage of Gonzalez* (1976) 57 Cal.App.3d 736, 746-747.)

DISPOSITION

The judgments are affirmed.  Costs are awarded to respondents.

NOT TO BE PUBLISHED.


PERREN, J.


We concur:



YEGAN, Acting P. J.



BURKE, J.[*]

_____

* (Judge of the San Luis Obispo Superior Court, assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)

Michael Mink, Judge

Superior Court County of Ventura

---

Brian Zulli, in pro. per., for Plaintiff and Appellant.

Houser & Allison, Eric D. Houser, Steve W. Pornbida, for Defendants and Respondents Mortgage Electronic Registration Systems, Inc., Litton Loan Servicing LP, and Wells Fargo Bank, N.A., as trustee for Citigroup Mortgage Loan Trust, Inc., asset-backed pass-through certificates, series 2006-SHL1.

Brooks Bauer and Bruce T. Bauer, for Defendant and Respondent Sand Canyon Corporation.