Filed 2/22/22  Hanson v. Wells Fargo Bank CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| IRENE HANSON, Plaintiff and Appellant, v. WELLS FARGO BANK, Defendant and Respondent. | B314545 (Los Angeles County Super. Ct. No. 20STCV32556) |

APPEAL from an order of the Superior Court of Los Angeles County, Terry A. Green, Judge. Affirmed.

Peter Borenstein for Plaintiff and Appellant.

Severson & Werson, Jan T. Chilton and Kerry W. Franich for Defendant and Respondent.

## INTRODUCTION

Plaintiff and appellant Irene Hanson appeals from the trial court's order granting the motion of defendant and respondent Wells Fargo Bank, N.A. (Wells Fargo) to enforce a settlement agreement under Code of Civil Procedure section 664.6.[1] Hanson principally contends the settlement agreement is unenforceable because she withdrew her acceptance before an agreement was formed. For the reasons discussed below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Hanson filed a complaint against Wells Fargo alleging it failed to comply with a bank levy relating to a judgment Hanson previously obtained. After Wells Fargo answered the complaint, its counsel offered to settle the case for $900. Hanson's counsel accepted the offer and requested a draft settlement agreement. Wells Fargo provided the requested draft, and Hanson's counsel sent back a copy of the agreement executed by Hanson. Wells Fargo signed the agreement one week later.

Paragraph 2 of the settlement agreement provides, in relevant part: "Wells Fargo shall pay to [Hanson] the one-time total sum of nine hundred dollars ($900.00) (the "Settlement Payment"). The Settlement Payment shall be made by check made payable to "Irene Hanson" and be sent via overnight mail to [Hanson]'s counsel . . . within thirty (30) days after receipt of an executed copy of this Agreement and a valid, fully-executed and dated IRS W 9 Form (revised Oct. 2018) from both [Hanson] and [Hanson]'s counsel. Paragraph 3 states: "In consideration of the

---

[1]    All further undesignated statutory references are to the Code of Civil Procedure.

2

mutual promises contained herein, [Hanson] agrees that she will dismiss the Action with prejudice within five (5) calendar days of receipt of the Settlement Payment described in the preceding paragraph."

Pursuant to paragraph 2 of the settlement agreement, Wells Fargo's counsel requested the W-9 forms from Hanson's counsel. Hanson's counsel provided a W-9 form for his law firm, but did not provide a separate W-9 form for Hanson. After Wells Fargo refused to issue the settlement check without Hanson's W-9 form, Hanson sent Wells Fargo a letter stating she "hereby withdraws her acceptance of the terms" of the settlement agreement.

Wells Fargo moved to enforce the settlement agreement under section 664.6.[2] Specifically, it sought an order requiring Hanson to provide Wells Fargo with her own W-9 form in compliance with paragraph 2 of the settlement agreement. It also sought $4,300 in attorneys' fees based on an attorneys' fee provision in the settlement agreement. Hanson opposed the motion, arguing the settlement agreement was unenforceable because the parties never achieved a meeting of the minds.

The trial court issued a written order granting Wells Fargo's motion. The court noted that Hanson and Wells Fargo

---

[2]     Section 664.6, subdivision (a) provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

both signed the settlement agreement, rendering it fully executed. The court rejected Hanson's argument that she could validly withdraw her acceptance of the agreement, explaining she had "cited no authority which would permit her to unilaterally terminate a fully-executed settlement contract." The court noted that the contract itself contained no termination provision. With respect to Hanson's contention that there was no binding agreement because there was no meeting of the minds, the court explained: "Effectively, [Hanson] is saying that she failed to read the agreement with sufficient care before she signed it. But once a written agreement has been signed, the signatory cannot later plead ignorance of or lack of assent to the terms. [Citation.] Execution of the agreement is conclusive of mutual assent to the terms as written. [Citation.] The court may only look to external evidence of the parties' intentions if the terms of the contract are ambiguous. ¶ The terms of this contract are not ambiguous. They expressly condition payment upon the provision of W-9 forms from *both* [Hanson] and her counsel. [Hanson] must provide the W-9. The motion is GRANTED."

In compliance with paragraph 9 of the settlement agreement, the court granted Wells Fargo's request for $4,300 in attorneys' fees.[3] The court noted that Hanson did "not dispute the hours or rate requested, which both appear reasonable given the circumstances of this case."

Hanson timely appealed.

---

[3]     Paragraph 9 provided: "If any party brings a motion or suit to enforce or interpret any provision of this Agreement, the prevailing party shall be entitled to attorneys' fees and costs."

# DISCUSSION

Hanson contends the trial court erred in granting Wells Fargo's motion to enforce the settlement agreement under section 664.6.[4] Specifically, she argues the trial court "ignored basic principles of contract law by enforcing an agreement unsupported by consideration or a meeting of the minds and for which acceptance had already been withdrawn by Ms. Hanson." We review de novo the trial court's order enforcing the settlement agreement. (*Weinstein v. Rocha* (2012) 208 Cal.App.4th 92, 96.) Applying this standard, we conclude the trial court's order was correct.

"A contract is an agreement to do or not do a certain thing." (Civ. Code, § 1549.) The existence of a contract requires parties capable of contracting, their consent, a lawful object, and a sufficient cause or consideration. (Civ. Code, § 1550.) "'A settlement agreement is a contract, and the legal principles [that] apply to contracts generally apply to settlement contracts.'" [Citation.] Its validity is thus 'judged by the same legal principles applicable to contracts generally.' [Citations.]" (*Stewart v. Preston Pipeline Inc.* (2005) 134 Cal.App.4th 1565, 1585.)

"It is basic contract law that, once a valid unconditional contract is entered into, the parties are bound by their agreement and one party cannot unilaterally revoke or rescind it. [Citations.]" (*Ecocards v. Tekstir, Inc.* (Wyo. 2020) 459 P.3d 1111, 1118; see also *Hopkins v. Viva Bevs., LLC* (N.D. Tex. Apr. 21,

---

[4] In her reply brief, Hanson explains her reasons for bringing this appeal and why she does not want to be bound by the settlement agreement: "If permitted to proceed with her creditor's suit, Ms. Hanson will seek to recover more than $50,000 against Wells Fargo, including attorney's fees incurred for this appeal."

2014, Civ. A. No. 3:13-CV-1017-B) 2014 U.S. Dist. Lexis 55264 ["It is a fundamental tenet of contract law that once a party has accepted a contract, it cannot unilaterally withdraw its acceptance. [Citation.]"].) Applying this basic contract law principle, we reject Hanson's argument that she could withdraw her acceptance of the settlement agreement. The record shows, and Hanson concedes, that she signed the agreement. Once the parties executed the agreement, Hanson was bound by its terms. (See *T.M. Cobb Co. v. Superior Court* (1984) 36 Cal.3d 273, 278 ["[A]n offer may be revoked by the offeror any time *prior to* acceptance." Italics added].)

We likewise reject Hanson's contention that there was no meeting of the minds regarding the W-9 form requirement found in paragraph 2 of the contract. Hanson seems to be arguing there was no meeting of the minds on the need for her to provide her own W-9 form. But the agreement required just that. "'Where the parties have reduced their agreement to writing, their mutual intention is to be determined, whenever possible, from the language of the writing alone.' [Citation.]" (*In re Tobacco Cases I* (2010) 186 Cal.App.4th 42, 47.) "'[T]he parties' expressed objective intent, not their unexpressed subjective intent, governs.' [Citation.]" (*Ibid.*) In light of these principles, Hanson's contention that there was no meeting of the minds is without merit.

Hanson raises two other arguments. She contends reversal of the trial court's order is appropriate because (1) the settlement agreement lacked consideration; and (2) even assuming she breached the contract, Wells Fargo would not be able to prove damages. As Wells Fargo points out, Hanson did not raise either argument in the trial court. Hanson has thus forfeited both

6

arguments on appeal. (See *Vikco Ins. Services Inc. v. Ohio Indemnity Co.* (1999) 70 Cal.App.4th 55, 66-67.)

Even assuming Hanson had not forfeited these contentions, they are without merit. The settlement agreement plainly was supported by good consideration. (Civ. Code, § 1605.)[5] Hanson agreed to dismiss her suit and provide a signed W-9 form. In exchange, Wells Fargo agreed to pay her $900. Hanson's argument regarding damages is likewise meritless. As Wells Fargo correctly points out, the existence of damages is not a prerequisite for bringing a motion to enforce a settlement agreement. (See § 664.6.) And in any event, litigating the case plainly would cost Wells Fargo more than the $900 called for under the settlement agreement.

In sum, the trial court was correct in granting Wells Fargo's motion to enforce the settlement agreement.

---

[5] Civil Code section 1605, which defines good consideration, provides: "Any benefit conferred, or agreed to be conferred, upon the promisor, by any other person, to which the promisor is not lawfully entitled, or any prejudice suffered, or agreed to be suffered, by such person, other than such as he is at the time of consent lawfully bound to suffer, as an inducement to the promisor, is a good consideration for a promise."

## DISPOSITION

The order is affirmed. Wells Fargo is awarded its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


CURREY, J.


We concur:


MANELLA, P.J.


WILLHITE, J.